■ THOMAS W. ARNOLD, Respondent, v ORLY HARARI, Appellant. [772 NYS2d 727]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered January 22, 2003 in Columbia County, which, inter alia, denied defendant's motion to vacate a prior order of consent, (2) from an order of said court, entered May 23, 2003 in Columbia County, which, inter alia, granted plaintiff's motion to compel defendant to comply with plaintiff's discovery demands, and (3) from an order of said court, entered May 28, 2003 in Columbia County, which, inter alia, imposed sanctions on defendant.

The principal issue on appeal is whether Supreme Court had jurisdiction to issue certain orders regarding the parties' children under the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), enacted by New York in 2001 (*see* L 2001, ch 386 [eff Apr. 28, 2002]). Plaintiff and defendant were long-time residents of New York and during their marriage had three children who were born in New York in 1989, 1991 and 1995. Defendant planned to take the children

temporarily to Israel in July 2001 and plaintiff, concerned that she might not return, filed a pro se petition in Family Court, Columbia County, seeking custody of the children. A hearing commenced as defendant and the children were en route to the airport. Defendant's counsel stated at the hearing that "[i]t's not as though they're attempting to flee the jurisdiction" and further represented on the record that defendant would return to New York for court proceedings. Although Family Court issued an oral order directing that the children not leave New York, a written order was not executed because plaintiff elected to withdraw the petition fearing that having police intercede at the airport would traumatize the children.

In July 2002, defendant and the children returned to the marital residence in New York from Israel and, at that time, plaintiff commenced an action for divorce and moved by order to show cause for custody of the children. On August 8, 2002, the parties stipulated that Supreme Court had jurisdiction, that the children would not be removed from the United States without plaintiff's written consent and that defendant would not file for custody or divorce in Israel. The stipulation further permitted defendant and the children to visit Israel from August 12, 2002 to September 4, 2002. The stipulation was incorporated into an order.

Consistent with the stipulation and order, defendant took the children to Israel in August 2002. She did not, however, return. Plaintiff moved for custody and sanctions. Supreme Court ordered that defendant produce the children by October 2, 2002. Defendant did not produce the children. Instead, she moved to vacate the stipulation and order upon the ground that Supreme Court lacked jurisdiction. In further violation of the stipulation and order, defendant commenced an action in Israel which culminated in an order granting her custody.[1] Supreme Court denied defendant's cross motion regarding jurisdiction finding, among other things, that it had jurisdiction and that defendant had engaged in a "deceitful ruse which allowed her to abscond with the children." Thereafter, Supreme Court issued orders

---

1. Defendant ostensibly failed to inform the Israeli court of the proceedings in New York and, after plaintiff filed a Hague Convention enforcement proceeding, an Israeli court reportedly directed defendant, in July 2003, to return the children to New York. Defendant and the children have since been in this state. Hence, even if we found that New York did not have jurisdiction in 2002, as urged by defendant, it appears that this state would now have jurisdiction (see Domestic Relations Law § 76 [1] [a]; see also Domestic Relations Law § 76-g).

with respect to disclosure and imposed a $5,000 sanction on defendant. Defendant appeals.[2]

Defendant argues that Supreme Court lacked subject matter jurisdiction over the child custody issues. Under the UCCJEA, specific and limited grounds are set forth to establish initial child custody jurisdiction, including, among others, that "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (Domestic Relations Law § 76 [1] [a]). A "home state" is defined in Domestic Relations Law § 75-a (7) in relevant part, as follows: "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding . . . A period of temporary absence of any of the mentioned persons is part of the period." Domestic Relations Law § 75-d (1) provides that a foreign country shall be treated "as if it were a state of the United States for the purpose of applying this title and title two of this article," subject to a human rights exception not relevant in the current case (*see* Domestic Relations Law § 75-d [3]).

Under the unique circumstances presented by this case, we find that Supreme Court has jurisdiction. In July 2001, defendant's counsel stated in court that defendant would return to New York for court matters pertaining to the children.[3] In August 2002, defendant stipulated to the jurisdiction of New York courts. These on-the-record representations must also be considered in light of the fact that, prior to the commencement of this lawsuit, defendant had frequently visited Israel with the children. While a party cannot bestow subject matter jurisdiction by waiver or stipulation (*see Koshetz v Lamberti*, 262 AD2d 611, 611 [1999]), the long-time residency of the parties and the children in New York, the fact that they had frequently visited Israel and, significantly, defendant's on-the-record representations made approximately a year apart—both before leaving and after returning to New York—acknowledging jurisdiction in New York provided a factual premise for concluding that the sojourn to Israel was intended to be temporary for purposes of

2. The Law Guardian filed a brief urging that the orders be affirmed.

3. Indeed, at the same hearing where this representation was made, Family Court was clearly prepared to issue a written order regarding custody which would have unequivocally established continuing jurisdiction (*see* Domestic Relations Law § 76-a).

child custody matters (*see* Domestic Relations Law § 75-a [7]; *see generally* Annotation, *Construction and Operation of Uniform Child Custody Jurisdiction and Enforcement Act*, 100 ALR5th 1, § 4 [c]).

Defendant's remaining arguments regarding Supreme Court's rulings on the disclosure disputes and sanctions have been considered and we find that the court's holdings on such issues were well within its discretion.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.