In the Matter of EUGENE KRYMKO, Respondent, v TAMARA KRYMKO, Appellant. [822 NYS2d 570]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from so much of an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated February 14, 2006, as denied that branch of her motion which was to dismiss so much of the proceeding as concerned the parties' child Chava for lack of subject matter jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Chava, one of the parties' children, was born in Toronto, in the province of Ontario, Canada, on September 27, 2003. At some time during the summer of 2004, between June 23, 2004 and July 28, 2004, the parties moved to New York. On January 10, 2005 the mother went to Ontario with the child and on

January 18, 2005 commenced a child custody proceeding in that jurisdiction. The father commenced this child custody proceeding, and a related habeas corpus proceeding, in the Family Court, Queens County, and moved in Ontario for the return of Chava pursuant to provisions of the Hague Convention on International Child Abduction.

By order dated April 21, 2005, the Ontario Court of Justice found that Chava was "habitually resident" in New York, and that the mother "wrongfully removed" Chava from New York (*see* Hague Convention on the Taking of Evidence Abroad art 3, 23 UST 2555, TIAS No. 7444 [1970]). The Ontario Court of Justice directed the mother to return Chava to New York "pending further order of the New York court." In the order appealed from, the Family Court, Queens County, denied that branch of the mother's motion which was to dismiss the proceeding with respect to Chava for lack of subject matter jurisdiction, on the ground that New York was the "home state" of the child.

"Home state" is defined by Domestic Relations Law § 75-a (7) as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding . . . A period of temporary absences of any of the mentioned persons is part of the period." The mother argues that New York was not Chava's home state because Chava only resided here between July 28, 2004 and January 10, 2005, which is less than six months (*see* Domestic Relations Law § 75-a [7]). The father argues, inter alia, that Chava resided in New York for over six months—from June 23, 2004 until January 10, 2005, and, in any event, he and Chava have a "significant connection" (Domestic Relations Law § 76 [1]) with this state and "substantial evidence is available in this state concerning the child's care, protection, training and personal relationships" (Domestic Relations Law § 76 [1] [b] [ii]; *see Warshawsky v Warshawsky,* 226 AD2d 708 [1996]).

Assuming that Chava was removed from New York less than six months after her arrival with her parents, New York is still her "home state." Since the Ontario Court of Justice found that Chava was wrongfully removed from New York to Toronto and directed her return, Chava's stay in Toronto was nothing more than a "period of temporary absence," which is considered part of the six-month period (Domestic Relations Law § 75-a [7]; *see Ortman v Ortman,* 670 NE2d 1317 [Ind 1996]; *Matter of Lewin,* 149 SW3d 727 [Tex 2004]). The appellant may not decide the timing and forum of the custody proceeding through wrongful removal of the child from the jurisdiction.

In any event, Ontario—the only other home that Chava has

ever known—has deferred jurisdiction to New York. Accordingly, New York has jurisdiction on the ground that it has been determined that it is the more appropriate forum (*see* Domestic Relations Law § 76 [1] [c]). Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.