■ In the Matter of JENNIFER CICCONE, Appellant, v DAVID D. PUGH, Respondent. (And Another Related Proceeding.) [840 NYS2d 636]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 29, 2006, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The sole issue presented on this appeal is whether Family Court erred when it determined that it had no jurisdiction to hear these custody petitions because, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJA; *see generally* Domestic Relations Law § 76), Pennsylvania is the home state of the child. Our analysis begins with the pertinent statutory provisions. A New York Family Court has jurisdiction to make an initial custody determination if "(a) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to live in this state" (Domestic Relations Law § 76 [1] [a]). " 'Home state' means the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]).

Not surprisingly, the parties took opposing views as to the child's state of residency, with respondent (hereinafter the father) contending that the child lived with him in Pennsylvania from June 2005 until the commencement of the first of these proceedings in March 2006, while petitioner (hereinafter the mother) claimed the child resided with her in New York during that period. Given the length of time involved, Family Court was presented with testimony that was at times vague and contradictory as to where the child was during certain periods of time. Nevertheless, this much is clear: from the date of his birth (December 2000), the child and his unwed parents resided together in New York until the parents separated in May 2003,

the mother taking the child to live with her; thereafter, the father moved to Pennsylvania, returned to New York for a short time and then, in May 2004, returned to Pennsylvania; the child thereafter would periodically live with his father in Pennsylvania and return to live with his mother in New York until March 2006, when the father, without notice to the mother and without her consent, asserted custody and took the child to Pennsylvania, prompting the mother to file her petition for custody on March 20, 2006. It appears from the record that the child has *never* resided for a consecutive six-month period in Pennsylvania at any time, so it could not become the child's home state (*see Matter of Consford v Consford*, 271 AD2d 106, 111-112 [2000]). Under the circumstances here presented, New York continues to be the home state of the child.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.