■ In the Matter of KOLIEN RICHMOND, Respondent, v ROBERT PEREZ, Appellant. [843 NYS2d 355]—

In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from (1) an order of the Family Court, Dutchess County (Forman, J.), entered April 10, 2006, which, after a hearing, inter alia, in effect, determined that he violated an order of protection of the same court dated September 15, 2005, and (2) an order of commitment of the same court dated April 10, 2006, which, upon the order entered April 10, 2006, committed the father to the Dutchess County Jail for a term of 10 days and directed that he was not to receive any credit for good behavior or time served.

Ordered that the appeal from the order of commitment dated April 10, 2006 is dismissed as academic, without costs or disbursements, as the father has already served that sentence; and it is further,

Ordered that the order entered April 10, 2006 is reversed, on

the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

Although the father has served the sentence of incarceration imposed under Family Court Act § 846-a, "under the circumstances of this case, 'in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,' " (*Matter of Cleary v Morgan*, 306 AD2d 475, 475 [2003], quoting *Matter of O'Herron v O'Herron*, 300 AD2d 491, 492 [2002]), the appeal from the order entered April 10, 2006 is not academic.

The father appeared in Family Court, Dutchess County, on three occasions, December 15, 2005, January 23, 2006, and February 17, 2006, in connection with the mother's petition alleging that he violated an order of protection dated September 15, 2005. At the December and January appearances, he requested that he be assigned an attorney but the court refused to do so, since it had previously relieved attorneys appointed to represent him in prior unrelated Family Court proceedings. At the opening of the hearing in this matter on April 10, 2006 the father informed the court that he had hired an attorney, but that the attorney could not appear because he was on vacation and, in effect, he requested an adjournment. The court refused, noting that the hearing had been scheduled for this date for some time and that no notice of appearance had been filed by counsel. The court then forced him to proceed without counsel. This was error.

Family Court Act § 262 provides that certain specified persons, including the father in this case, have the right, inter alia, to the assistance of counsel as well as the right to seek an adjournment to confer with counsel. The record before us does not justify the action taken by the Family Court with regard to the father's right to counsel in connection with the petition brought by the mother. Under the particular circumstances of this case, the court should have adjourned the matter to allow the father's attorney to appear. Since it failed to do so, the matter must be remitted to the Family Court, Dutchess County, for a new hearing on the petition. Additionally, prior to commencing the new hearing, if the father has not retained counsel, the Family Court shall conduct an inquiry to determine whether he is eligible for assigned counsel as he had previously requested. If he is found to be eligible, the Family Court shall appoint counsel to represent him in this matter (*see* Family Ct Act § 262 [a] [ii]; *Matter of Evan F.*, 29 AD3d 905, 906-907 [2006]).

In light of our determination, we need not reach the father's

remaining contentions. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.