Rose, J.P.
Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered July 28, 2011, *1612 which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
The parties are the unmarried parents of a daughter born in 2003. Petitioner (hereinafter the father) commenced this proceeding seeking joint custody and visitation by filing a verified petition in June 2011. He averred that the child and respondent (hereinafter the mother) had lived at an address in the City of Schenectady, Schenectady County for the past four years and that he also lived in Schenectady. When the mother appeared telephonically at the initial appearance and claimed that she had been living in Florida for five years, Family Court stated that it did not have jurisdiction and that the father would have to file a petition in Florida. After further discussion between the court and the parties, however, the court reversed its position and concluded that it was not going to dismiss the petition. The court then scheduled a hearing date, advised the father that he would be assigned an attorney and concluded the appearance. Three days later, however, the court issued an order of dismissal stating that no one had appeared on the petition, dismissing the petition due to lack of jurisdiction and canceling the previously scheduled hearing. The father appeals.[1]
We agree with the father that Family Court erred in failing to take sworn testimony regarding the child’s residence prior to reaching any determination that it lacked jurisdiction. Family Court’s jurisdiction is controlled by the Uniform Child Custody Jurisdiction and Enforcement Act, which provides specific grounds as the basis for jurisdiction in an initial child custody proceeding (see Domestic Relations Law § 75-a [4]; § 76 [1]). Pursuant to Domestic Relations Law § 76-h (1), every party to a child custody proceeding must, in the first pleading or in an affidavit attached to that pleading, give information under oath as to the child’s present address, the places where the child has lived within the five years immediately preceding the case and the names and addresses of the persons with whom the child has lived. Here, the father alleged that the child was a resident of New York. Although there is no responsive pleading in the record from the mother, her statement at the initial appearance that she lived in Florida for the past five years raised an issue *1613 that should have caused the court to “examine the parties under oath as to the details of the information furnished and other matters pertinent to the court’s jurisdiction and the disposition of the case” (Domestic Relations Law § 76-h [3]).
Although the attorney for the child argues that the father did not dispute that the child resided in Florida for the past five years,[2] the initial petition lists a New York address as the child’s most recent residence, the court did not ask the father for any response to the mother’s statement and, by the end of the brief appearance, the father had no reason to dispute the issue of jurisdiction as the court had stated on the record that the petition was not being dismissed. Based on this record, we are unable to conclude that New York does not have jurisdiction over the child custody proceeding and we must remit for a hearing on this issue.
Malone Jr., Stein, Garry and Egan Jr., JJ, concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.

. The record also contains a second verified petition with a different docket number filed by the father and alleging that the child and the mother have resided in “Florida/NY” for the past four years. This second petition was apparently filed after the appearance on the initial petition and not considered by Family Court, since the docket number for the second petition is not referenced either on the transcript of the initial appearance or the order of dismissal. The record contains no further information with respect to this second petition and, therefore, we cannot address it.

. The mother has not appeared in response to the appeal.