■ In the Matter of WILLIAM E. JOY, Appellant, v GRACE E. KUTZUK, Respondent. [952 NYS2d 644]—

Malone Jr., J.

The parties, who never married, are the parents of the subject child (born in 2007) and separated prior to the child's birth. Respondent (hereinafter the mother) relocated with the child from Sullivan County to the state of Washington when the child was four months old. In March 2010, for reasons that are disputed, the child returned to Sullivan County to reside temporarily with petitioner (hereinafter the father). After the child had been in the father's custody for approximately three weeks, the father commenced a custody proceeding alleging, among other things, that the mother—a recovering alcoholic—had relapsed and failed to enter a rehabilitation program. Upon the mother's default, by order entered in August 2010, Family Court (Ledina, J.) granted the father custody of the child. The mother then moved to vacate that order, alleging that she had never received notice of the proceeding prior to entry of the order, and that New York lacked subject matter jurisdiction over the proceeding under the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law art 5-A [hereinafter UCCJEA]). She also filed petitions in Washington to establish paternity and guardianship of the child. Finding that it had neither subject

matter nor "emergency" jurisdiction, Family Court, by order entered September 17, 2010, vacated the custody order that had been entered upon the mother's default.

On October 1, 2010, the father commenced the instant proceeding, again seeking custody of the child. Following an ex parte telephone conference with the judge presiding over the mother's proceeding in Washington, Family Court (Ledina, J.) issued an order, entered in December 2010, finding that New York had gained subject matter jurisdiction due to the child's presence in New York for six consecutive months and that New York was the appropriate venue given the location of witnesses and relevant evidence. The court then awarded the father temporary custody of the child. Following a fact-finding hearing, *Family Court (Meddaugh, J.) dismissed the petition in May 2011*, finding that, contrary to the prior order, New York did not have subject matter jurisdiction over the matter. The father appeals.*

While we agree with the father that Family Court (Meddaugh, J.) violated the doctrine of the law of the case by overruling the prior finding of the court (Ledina, J.) that New York had subject matter jurisdiction (*see generally Martin v City of Cohoes*, 37 NY2d 162 [1975]), this Court is not bound or restricted by that doctrine (*see Matter of Jonathan M.*, 61 AD3d 1374, 1375 [2009]). Upon our review of the order from which this appeal is taken, "in the interest of achieving substantial justice" (*Post v Post*, 141 AD2d 518, 519 [1988]), we affirm.

Pursuant to the UCCJEA, a child's " '[h]ome state' [is] the state in which [the] child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]; *see Matter of Destiny EE. [Karen FF.]*, 90 AD3d 1437, 1440 [2011], *lv dismissed* 19 NY3d 856 [2012]). However, a parent may not wrongfully remove or withhold a child from the other parent for the purpose of establishing a "home state" for that child (*see Matter of Felty v Felty*, 66 AD3d 64, 71 [2009]; *Matter of Krymko v Krymko*, 32 AD3d 941, 942 [2006]). When a child resides in New York as a result of being wrongfully removed or withheld from his or her home state, the child will be considered to be temporarily absent from the home state (*see* Domestic Relations Law § 75-a [7]), and such time will not be counted toward establishing New York as the home state for purposes of deciding custody issues.

Here, Family Court (Meddaugh, J.) properly determined that

---

* This Court granted the father's motion for a stay of the order pending appeal.

the child had not lived with the father for the six-month period required to establish subject matter jurisdiction in New York. There is no dispute that the father was supposed to return the child to the mother after approximately one month. However, after approximately three weeks, the father unilaterally decided to keep the child in New York and commenced a custody proceeding, thereby wrongfully withholding the child from the mother. His actions in that regard cannot result in New York acquiring home state jurisdiction over the child for the purposes of making a custody determination (*see Matter of Krymko v Krymko*, 32 AD3d at 942).

Moreover, we agree with Family Court (Meddaugh, J.) that the court's (Ledina, J.) prior finding that New York was a more appropriate forum than Washington (*see* Domestic Relations Law §§ 76 [1] [b]; 76-f [2]) was not proper. Notably, although the court (Ledina, J.) allegedly came to an agreement with a judge in Washington that New York was the more appropriate forum in which to decide the issue of custody, no record of that communication between the courts is in the record (*see* Domestic Relations Law § 75-i [4], [5]). Further, a review of the record does not support the court's (Ledina, J.) conclusion that "the most significant issues relating to the case presented [were] provable by witnesses resident in New York, and the issues of the . . . [m]other [were] capable of proof largely in documentary form." However, at the brief fact-finding hearing at which many facts and allegations were in dispute, no documentary evidence was presented by either party. In light of the father's accusations regarding drug and alcohol abuse by the mother, her allegedly unfit or unstable living situation, her unemployment and alleged child protective services and/or police involvement in Washington, it is apparent that more relevant evidence in the form of both witness testimony and documents exists in Washington. Finally, we find that to allow this custody proceeding to continue in this state "would contravene one of the stated purposes of the [UCCJEA], that of deterring the unilateral removal of children from one jurisdiction to another" (*Matter of Metcalf v Turner*, 154 AD2d 792, 794 [1989]), and would reward the father for his wrongful withholding of the child from the mother.

To the extent not specifically addressed, the father's remaining contentions have been considered and found to be without merit.

Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.