In a visitation proceeding pursuant to Family Court Act article *1002 6, the father appeals from an order of the Family Court, Kings County (Yellen, Ct. Atty. Ref.), dated November 8, 2012, which, sua sponte, dismissed his petition for visitation with the subject child on the ground of lack of jurisdiction.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The parties are the parents of an 11-year-old son. On January 11, 2012, the father, who is incarcerated at a correctional facility in New York State, filed a petition in the Family Court seeking visitation with the child. In his petition, the father averred that the mother and child lived at an address in Brooklyn. However, after attempts to serve copies of the notice of petition and petition upon the mother in Brooklyn were unsuccessful, the father apparently learned that the mother had moved to Pennsylvania. The mother was served in Pennsylvania, and appeared in the Family Court, Kings County, for the first time on November 8, 2012. Although the court had previously issued an order directing that the father be produced to appear via video conference on November 8, 2012, he was not produced by the correctional facility. On that date, the court asked the mother if she was living in Pennsylvania, and the mother replied that she was. The court then asked the mother when she had moved, and the mother stated that she had moved to Pennsylvania in June 2011, more than six months before the father filed his visitation petition. Based upon the mother’s statement, the court, sua sponte, dismissed the father’s visitation petition on the ground of lack of jurisdiction.
The Family Court erred in determining that it lacked jurisdiction based on its brief inquiry of the mother, which was conducted when the father was not present in court. Although a letter from the mother to the Family Court indicated that there may have been a divorce proceeding in which she was granted sole custody of the child, it made no inquiry to determine whether a New York court had in fact made a prior custody determination, which would provide a predicate for the exercise of jurisdiction (see Domestic Relations Law § 76-a [1]). Further, even if no prior custody determination had been made, the mother’s open-court statement that she had moved to Pennsylvania in June 2011 conflicted with the sworn allegation in the father’s January 2012 petition that the mother and child resided in New York. This raised an issue “that should have caused the court to ‘examine the parties under oath as to the details of the information furnished and other matters pertinent to the court’s *1003 jurisdiction and the disposition of the case’ ” (Matter of Metz v Orta, 95 AD3d 1611, 1613 [2012], quoting Domestic Relations Law § 76-h [3]), before reaching a determination as to whether New York was the child’s home state on the date the petition was filed. Moreover, since “even an incarcerated parent has a right to be heard on matters concerning [his or] her child, where there is neither a willful refusal to appear nor a waiver of appearance” (Matter of Tristram K., 25 AD3d 222, 226 [2005]; see Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008]; Matter of Kendra M., 175 AD2d 657, 658 [1991]), the Family Court should not have determined the issue of jurisdiction and dismissed the petition in the absence of the father, who had not been produced in accordance with the court’s previous directive.
Accordingly, the order dismissing the petition must be reversed, the petition reinstated, and the matter remitted to the Family Court, Kings County, for further proceedings consistent herewith, including a new determination on the issue of jurisdiction.
Eng, EJ., Austin, Hinds-Radix and LaSalle, JJ., concur.