■ In the Matter of KHONDOKER HAZER PADMO, Appellant, v AHMED KAYEF, Respondent. [21 NYS3d 336]—

Appeal from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated March 9, 2015. The order dismissed the petition, without a hearing, based on lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The parties are the married parents of two young children. The parties lived with their children in New York until approximately May 20, 2014, when they traveled to Bangladesh to visit family members.

The mother alleges that while abroad, the father confiscated the children's passports, rendering them unable to return to the United States; the father disputes that allegation. The mother commenced this proceeding by petition dated December 15, 2014, seeking sole custody of the two children. The Family Court dismissed the petition, without a hearing, based on its finding that it lacked subject matter jurisdiction over the proceeding.

Under the circumstances presented, the Family Court erred in determining that it lacked subject matter jurisdiction without conducting a hearing. Under the Domestic Relations Law, a state may have jurisdiction over a child custody proceeding if the "state is the home state of the child" (Domestic Relations Law § 76 [1] [a]; *see Matter of Ciccone v Pugh*, 42 AD3d 767, 768 [2007]). A "[h]ome state" is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]). The definition of a "[h]ome state" also permits a period of temporary absence during the six-month time frame necessary to establish home-state residency (Domestic Relations Law § 75-a [7]; *see Arnold v Harari*, 4 AD3d 644, 646 [2004]). In addition, it is established that a parent "may not wrongfully remove or withhold a child from the other parent for the purpose of establishing a 'home state' for that child" (*Matter of Joy v Kutzuk*, 99 AD3d 1049, 1050 [2012]; *see Matter of Felty v Felty*, 66 AD3d 64, 71 [2009]; *Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 96 [2007]; *Matter of Krymko v Krymko*, 32 AD3d 941, 942 [2006]).

Here, there are disputed allegations as to the circumstances of the continued presence of the children in Bangladesh. Thus, under the circumstances of this case, the Family Court erred in dismissing the petition based on lack of subject matter jurisdiction without conducting a hearing as to whether the children were wrongfully prevented from returning to New York during the six-month period preceding the petition. If that is the case, New York remained the "home state" of the

children in light of such wrongdoing (*see Matter of Locklear v Andrews*, 118 AD3d 1001 [2014]; *Matter of Metz v Orta*, 95 AD3d 1611 [2012]; *see also Matter of Joy v Kutzuk*, 99 AD3d at 1050; *Matter of Felty v Felty*, 66 AD3d at 71; *Matter of Michael McC. v Manuela A.*, 48 AD3d at 96; *Matter of Krymko v Krymko*, 32 AD3d at 942). Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.