Matter of Stylianos T. v Tarah B. (2018 NY Slip Op 03846)





Matter of Stylianos T. v Tarah B.


2018 NY Slip Op 03846


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-07346
2017-07347
2017-07348
2017-07349
 (Docket Nos. O-1930-17, V-1932-17, P-1933-17, Z-1931-17)

[*1]In the Matter of Stylianos T. (Anonymous), appellant,
v
Tarah B. (Anonymous), respondent.


Meth Law Offices, P.C., Chester, NY (Evan D. Zucker of counsel), for appellant.
Jessica Bacal, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, and to establish paternity, the petitioner appeals from four orders of the Family Court, Orange County (Christine P. Krahulik, J.), three dated July 6, 2017, and one dated July 12, 2017. The three orders dated July 6, 2017, respectively dismissed, for lack of jurisdiction, the petitions to establish paternity of the subject child, for custody of the child, and alleging a family offense. The July 12, 2017, order dismissed the petition for a writ of habeas corpus for lack of jurisdiction.
ORDERED that the appeal from the order dated July 6, 2017, in the family offense proceeding, is dismissed as academic, without costs or disbursements, in light of a subsequent order dated October 2, 2017, vacating that order; and it is further,
ORDERED that the orders dated July 6, 2017, in the paternity and custody proceedings, respectively, are reversed, on the law, without costs or disbursements, the petitions to establish paternity and for custody are reinstated, and the portions of the order dated October 2, 2017, which, upon reargument, adhered to the determinations in the paternity and custody orders dated July 6, 2017, are vacated; and it is further,
ORDERED that the order dated July 12, 2017, is reversed, on the law, without costs or disbursements, and the petition for a writ of habeas corpus is reinstated; and it is further,
ORDERED that the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The petitioner is the putative father of a child born in June 2013. On May 12, 2017, the petitioner commenced related paternity, custody, and family offense proceedings, and filed a petition for a writ of habeas corpus to compel the mother to produce the child and to award him custody of the child. At a proceeding on May 31, 2017, the mother appeared telephonically, and stated that she had moved to South Carolina with the child in September 2016, more than six months before the petitioner filed the subject petitions. In three orders dated July 6, 2017 (hereinafter the July 6 orders), the Family Court respectively dismissed the paternity, custody, and family offense petitions, for lack of jurisdiction. In an order dated July 12, 2017, the court dismissed the petition for a writ of habeas corpus, for lack of jurisdiction (hereinafter the July 12 order). Thereafter, in an [*2]order dated October 2, 2017, the Family Court, inter alia, vacated its prior determination dismissing the family offense petition for lack of jurisdiction, and dismissed that petition on the merits.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law article 5-A; hereinafter UCCJEA), "New York courts have jurisdiction to make an initial custody determination if New York is the child's home state" (Matter of Slade v White, 133 AD3d 767, 768; see Domestic Relations Law § 76[1][a]). The UCCJEA defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]).
Here, the Family Court was required to hold a hearing as to the issue of whether New York or South Carolina was the child's home state, as there are disputed issues of fact regarding when the mother moved with the child from New York to South Carolina (see Matter of Padmo v Kayef, 134 AD3d 942, 943; Matter of Locklear v Andrews, 118 AD3d 1001, 1002; Matter of Metz v Orta, 95 AD3d 1611, 1612). Thus, the court erred in concluding that it lacked jurisdiction to determine the petition for a writ of habeas corpus without conducting a hearing, and therefore, that petition must be reinstated (see Matter of Padmo v Kayef, 134 AD3d at 943-944; Matter of Locklear v Andrews, 118 AD3d at 1002-1003; Matter of Metz v Orta, 95 AD3d at 1612-1613). In addition, since the Family Court improperly dismissed, for lack of jurisdiction, the paternity and custody petitions, those petitions also must be reinstated and remitted for a hearing on the issue of jurisdiction.
Accordingly, we remit the matter to the Family Court, Orange County, for a hearing and new determination on the issue of jurisdiction, and thereafter for determinations on the merits of the custody, paternity, and habeas corpus petitions, if warranted.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court