Matter of Dean v Sherron (2018 NY Slip Op 08807)





Matter of Dean v Sherron


2018 NY Slip Op 08807


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1211.1 CAF 18-00028

[*1]IN THE MATTER OF DESIREE N. DEAN, PETITIONER-APPELLANT,
v
MARTY SHERRON, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-APPELLANT. 
RORY GILHOOLEY, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered September 27, 2017 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner mother appeals from an order that dismissed for lack of jurisdiction her petition for custody of the subject child. Domestic Relations Law § 76 (1) (a) provides in relevant part that a New York court has jurisdiction to make an initial custody determination if New York "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to live in this state . . . ." " Home state' means the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding"
(§ 75-a [7]). A period of temporary absence during the six-month time frame is considered part of the time period to establish home-state residency (see id.; Matter of Felty v Felty, 66 AD3d 64, 70 [2d Dept 2009]). Moreover, if "a parent wrongfully removes a child from a state, the time following the removal is considered a temporary absence" (Felty, 66 AD3d at 71).
We conclude that Family Court erred in dismissing the petition based on lack of jurisdiction without holding a hearing. Here, there are disputed issues of fact whether the child's four- or five-month stay in North Carolina constituted a temporary absence from New York State in light of allegations that respondent father withheld the child from the mother for purposes of establishing a "home state" in North Carolina (see generally Matter of Joy v Kutzuk, 99 AD3d 1049, 1050 [3d Dept 2012], lv denied 20 NY3d 856 [2013]) and whether the mother's absence from New York State interrupted the child's six-month pre-petition residency period required by Domestic Relations Law § 76 (1) (a) (see generally Arnold v Harari, 4 AD3d 644, 646-647 [3d Dept 2004]). Thus, we reverse the order, reinstate the petition, and remit the matter to Family Court for a determination, following a hearing, on the issue of jurisdiction (see Matter of Stylianos T. v Tarah B., 161 AD3d 1175, 1176-1177 [2d Dept 2018]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court