Matter of Starasia E. v Leonora E. (2020 NY Slip Op 00334)





Matter of Starasia E. v Leonora E.


2020 NY Slip Op 00334


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

526756

[*1]In the Matter of Starasia E., Respondent,
v
Leonora E., Respondent, and Vincent F., Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Matthew C. Hug, Albany, for appellant.
Michelle E. Stone, Vestal, for Starasia E., respondent.
Martha A. Lyons, Binghamton, attorney for the child.



Lynch, J.P.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 23, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Respondent Vincent F. (hereinafter the father) and respondent Leonora E. (hereinafter the mother) are the parents of a child (born in 2014). Petitioner (hereinafter the cousin) is the mother's cousin. In October 2017, the mother left the child with the cousin and never returned. The cousin then commenced this proceeding for sole custody of the child. By summons dated November 15, 2017, Family Court notified both the mother and the father — who was incarcerated in Pennsylvania — that they were to appear on January 22, 2018 to answer the petition. On January 19, 2018, an officer of the Pennsylvania Department of Corrections wrote to the court to advise that the father wished to participate at the January 22, 2018 appearance by telephone. The notice to the mother was returned to the court as undeliverable.
On January 22, 2018, the cousin appeared on the petition. At the start of the proceeding, Family Court noted the father's absence due to his out-of-state custodial status and that it had "received contact that he may be available by telephone." The court denied the father's request because, "inasmuch as [the father] is . . . an inmate in . . . Pennsylvania [, the court] has no jurisdiction over him, has no control, [and] cannot compel his attendance personally before the court." After assigning an attorney for the child and an attorney for the cousin, the court awarded the cousin temporary custody of the child and ordered an investigation pursuant to Family Ct Act § 1034.
The cousin, her attorney and the attorney for the child were present at the next appearance in March 2019. Family Court reviewed the 1034 report, which indicated that the mother left the child with the cousin in October 2017 and had not returned or had any contact with the cousin or the child since. After again stating that it did not have jurisdiction over the father, the court awarded sole legal custody to the cousin. The court held, in its subsequent order, that the mother's and the father's rights are "reserved to file a modification [petition] . . . without the need to show a change [in] circumstances." The father appeals.[FN1]
"The right to be heard is fundamental to our system of justice" (Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 372 [2008] [citations omitted]). Further, "[p]arents have an equally fundamental interest in the liberty, care and control of their children" (id. at 373; see Matter of Krystle L.B. v Crystal L.W., 166 AD3d 876, 876 [2018]). "[E]ven an incarcerated parent has a right to be heard on matters concerning [his or her] child, where there is neither a willful refusal to appear nor a waiver of appearance" (Matter of Tristram K., 25 AD3d 222, 226-227 [2005]; see Matter of Locklear v Andrews, 118 AD3d 1001, 1003 [2014]). Here, the father had notice of the proceeding, did not challenge Family Court's jurisdiction and the court could have permitted him to testify telephonically (see e.g. Domestic Relations Law § 75-j [2]; Matter of Westchester County Dept. of Social Servs., 211 AD2d 235, 238 [1995]). Because the record demonstrates that the father was not given an opportunity to participate in the proceedings, we must reverse and remit for a new hearing (see Matter of Krystle L.B. v Crystal L.W., 166 AD3d at 876; Matter of Locklear v Andrews, 118 AD3d at 1003).
Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The mother has not appeared on the appeal.