Matter of Kassim v Al-Maliki (2021 NY Slip Op 02800)





Matter of Kassim v Al-Maliki


2021 NY Slip Op 02800


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-02469
 (Docket Nos. V-28695-19, V-28696-19, V-28697-19, V-28698-19, V-28721-19, V-28722-19, V-28723-19, V-28724-19)

[*1]In the Matter of Karimah Kassim, appellant,
v
Bassim Al-Maliki, respondent.


Sanctuary for Families Center for Battered Women's Legal Services, New York, NY (Hannah R. West, Barbara C. Kryszko, and Davis Polk & Wardwell LLP [Daniel S. Magy and Marie Killmond], of counsel), for appellant.
Coffinas & Lusthaus, P.C., Brooklyn, NY (Maria Coffinas of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated February 3, 2020. The order granted the father's motion to dismiss, for lack of subject matter jurisdiction, the mother's petition for a writ of habeas corpus and custody of the parties' children, dismissed the petition, and denied the mother's motion to hold the father in civil and criminal contempt and to issue a warrant for the father's arrest and to compel the father's appearance in court.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The parties are the parents of four daughters, the eldest of whom was born in Yemen, and the remaining three of whom were born in the United States. The parties lived with their children in New York from approximately 2013 until approximately the spring of 2016, when they traveled together to Yemen. The mother alleges that the family traveled to Yemen for the Ramadan and Eid holidays with the intention of returning to New York at the end of the holidays. The father alleges that the parties jointly agreed to relocate the family to Yemen.
According to the mother, after the family arrived in Yemen, the father confiscated the passports of the mother and the children, such that they could not return to New York. The mother alleges that she was not able to return to the United States until 2019, after she signed a divorce agreement in the presence of the father and several other men, all of whom were carrying weapons, including firearms and traditional swords. In exchange for signing the agreement, the father returned the mother's passport to her. The mother returned to New York in 2019 and commenced this proceeding, seeking a writ of habeas corpus to compel the father to produce the children before the Family Court and custody of the children. On October 9, 2019, the court directed the father, who was in New York at the time, to return the children to the court's jurisdiction, to surrender his [*2]passport, and to remain in the court's jurisdiction. The father moved to dismiss the petition for lack of subject matter jurisdiction. Subsequently, the father returned to Yemen, and the mother moved to hold the father in civil and criminal contempt and to issue a warrant for the father's arrest and to compel his appearance in court. The court, without a hearing, granted the father's motion, dismissed the petition, and denied the mother's motion, based on its finding that it lacked subject matter jurisdiction over the proceeding. The mother appeals.
Pursuant to Domestic Relations Law § 70, "[w]here a minor child is residing within this state, either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court; and on the return thereof, the court, on due consideration, may award . . . custody of such child to either parent." Here, since the children reside outside of this State, reference must necessarily be made to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA), which provides, inter alia, that "a court of this state has jurisdiction to make an initial child custody determination only if: (a) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (Domestic Relations Law § 76[1][a]; see Matter of Stylianos T. v Tarah B., 161 AD3d 1175). The UCCJEA defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]).
Here, the Family Court was required to hold a hearing as to the issue of whether New York or Yemen was the children's home state, as there are disputed issues of fact regarding the circumstances under which the parties moved with the children from New York to Yemen (see Matter of Dean v Sherron, 167 AD3d 1521; Matter of Stylianos T. v Tarah B., 161 AD3d 1175; Matter of Padmo v Kayef, 134 AD3d 942; Matter of Locklear v Andrews, 118 AD3d 1001; Matter of Joy v Kutzuk, 99 AD3d 1049, 1050; Metz v Orta, 95 AD3d 1611, 1612). Thus, the court erred in concluding that it lacked subject matter jurisdiction to determine the mother's petition without conducting a hearing, and therefore, the petition must be reinstated (see Matter of Padmo v Kayef, 134 AD3d at 943-944; Matter of Locklear v Andrews, 118 AD3d at 1002-1003; Metz v Orta, 95 AD3d at 1612-1613).
Accordingly, the matter must be remitted to the Family Court, Kings County, for a hearing and new determination thereafter on the issue of subject matter jurisdiction and on the parties' motions.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court