Matter of Josiah v London (2024 NY Slip Op 00904)

Matter of Josiah v London

2024 NY Slip Op 00904

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-03386
 (Docket Nos. V-2449-07/20U, V-2450-07/20U, V-2532-09/20U, V-2449-07/21W, V-2450-07/21W, V-2532-09/21W)

[*1]In the Matter of Vivian Josiah, appellant,
v
Lavon London, respondent.

Arza Rayches Feldman, Manhasset, NY, for appellant.
Carol Kahn, New York, NY, for respondent.
Carl S. Chu, Hopewell Junction, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated April 14, 2021. The order granted, without a hearing, the father's motion to dismiss, for lack of subject matter jurisdiction, the mother's petition alleging that the father violated an order of the same court dated January 21, 2016, and dismissed, for lack of subject matter jurisdiction, the mother's petition to modify the order dated January 21, 2016, so as to award her residential custody of the parties' children.
ORDERED that the appeal from so much of the order dated April 14, 2021, as relates to the children Joel and Mikal is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated April 14, 2021, is reversed insofar as reviewed, on the law, without costs or disbursements, the mother's petitions insofar as they relate to the child Aston are reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.
The parties are parents of three children. In an order dated January 21, 2016 (hereinafter the January 2016 order), the Family Court, inter alia, awarded residential custody of the children to the father and parental access to the mother. At the time, the children had been residing with the father in North Carolina since 2012 or 2014. In an order dated April 12, 2018, the court, in effect, determined that it lacked exclusive, continuing jurisdiction over the matter. The father relocated with the children to Georgia in 2020.
In September 2020, the mother filed a petition alleging that the father violated the January 2016 order, and in January 2021, she filed a petition to modify the January 2016 order so as to award her residential custody of the children. In both petitions, the mother alleged, inter alia, that the father relocated to Georgia without her consent and without leave of court, in violation of the January 2016 order. Thereafter, the father moved to dismiss the violation petition for lack of [*2]subject matter jurisdiction. In an order dated April 14, 2021, the Family Court granted, without a hearing, the father's motion to dismiss the violation petition for lack of subject matter jurisdiction and dismissed the modification petition on the same ground. The mother appeals.
The two older children, Joel and Mikal, are now over the age of 18 and are no longer subject to the custody and parental access provisions of the January 2016 order (see Family Ct Act § 119[c]; Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). Therefore, the appeal from so much of the order dated April 14, 2021, as relates to Joel and Mikal must be dismissed as academic.
The Family Court should not have summarily determined, without a hearing, that it lacked jurisdiction under Domestic Relations Law § 76-a(2). Under Domestic Relations Law § 76-a(2), a "court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination" if it has jurisdiction under the provisions of Domestic Relations Law § 76. Here, the court made the initial custody determination in the January 2016 order and had previously, in effect, determined that it lacked exclusive, continuing jurisdiction over the matter in the order dated April 12, 2018 (see id. § 76-a[1][a]). Thus, the relevant inquiry pursuant to Domestic Relations Law § 76-a(2) is whether the court had jurisdiction under the provisions of Domestic Relations Law § 76. The court should have held a hearing on that issue since there are disputed issues of fact as to the youngest child's home state on the date of the commencement of these proceedings (see id. §§ 76, 76-a[2]; Matter of Stylianos T. v Tarah B., 161 AD3d 1175, 1176; Matter of Padmo v Kayef, 134 AD3d 942, 943).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court