Matter of Olivos v Quiroz (2024 NY Slip Op 02199)

Matter of Olivos v Quiroz

2024 NY Slip Op 02199

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-04644
 (Docket Nos. V-27-23, V-28-23)

[*1]In the Matter of Victor Duenas Olivos, appellant,
v
Janet Baca Quiroz, respondent.

Michelle Neusch, Walden, NY, for appellant.
Paul N. Weber, Cornwall, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated May 1, 2023. The order granted, without a hearing, the mother's motion to dismiss the father's petition for custody of the parties' children for lack of subject matter jurisdiction and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties are the parents of two children, born in 2011 and 2016. In January 2023, the father commenced this proceeding seeking an initial determination awarding him custody of the children. He alleged, inter alia, that the mother planned to remove the children from the United States, which would affect his opportunity to be with the children and take care of them. In the petition, the father averred that the mother and the children lived at an address in Newburgh. At the initial conference, the parties appeared pro se, and the mother stated that she had already sent the children to Peru despite a directive in an order to show cause dated January 5, 2023, prohibiting her from removing the children from New York State. The Family Court adjourned the conference to allow the parties to retain counsel.
At the next court conference, the mother, who was represented by counsel, moved to dismiss the petition for lack of subject matter jurisdiction. The mother's counsel argued, among other things, that the parties had been divorced in Peru and that the mother had been awarded custody by a Peruvian court. The father appeared without counsel and requested an adjournment. He explained that he had retained counsel, but his counsel could not appear in court that day because of a recent death in counsel's family. The Family Court, in effect, denied the father's request for an adjournment. In an order dated May 1, 2023, the court granted, without a hearing, the mother's motion and dismissed the petition. The father appeals.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA), "New York courts have jurisdiction to make an initial custody determination if New York is the child's home state" (Matter of Stylianos T. v Tarah B., 161 AD3d 1175, 1176 [internal quotation marks omitted]; see Domestic Relations Law § 76[1][a]). UCCJEA defines "home state" as "the state in which a child lived with a parent . . . for at least six [*2]consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]).
Here, the Family Court should not have dismissed the father's petition without conducting a hearing to determine whether the court had jurisdiction pursuant to Domestic Relations Law § 76 and affording the father an opportunity to present evidence as to that issue (see Matter of Locklear v Andrews, 118 AD3d 1001, 1002). It is undisputed that the children lived in the United States for approximately two years prior to the commencement of this child custody proceeding, and both parties provided their New York State residence addresses to the court. Further, there is a dispute as to whether a Peruvian court already made an initial custody determination. Thus, the Family Court should have held a hearing to determine whether New York State was the children's home state on the date of the commencement of this proceeding (see id.) and whether an initial custody determination has already been made (see Domestic Relations Law § 76-b).
Moreover, under the particular circumstances of this case, the Family Court improvidently exercised its discretion by, in effect, denying the father's request for an adjournment (see Matter of Charbonneau v Charbonneau, 151 AD3d 1060, 1061; Matter of Richmond v Perez, 44 AD3d 671, 672). The denial of the father's request effectively deprived the father of his fundamental right to counsel (see Family Ct Act § 262[a][iii]), which also constituted a denial of due process and requires reversal, without regard to the merits of the father's position (see Matter of Evan F., 29 AD3d 905, 906; Matter of Williams v Bentley, 26 AD3d 441, 442).
Accordingly, since the Family Court did not determine whether it possessed jurisdiction pursuant to Domestic Relations Law § 76, we remit the matter to the Family Court, Orange County, for a determination of that issue.
In light of the foregoing, we need not reach the parties' remaining contentions.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court