Matter of Cruz v Cruz (2026 NY Slip Op 00373)

Matter of Cruz v Cruz

2026 NY Slip Op 00373

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-00503
2024-00665
2024-00666
2024-00667
 (Docket Nos. V-9603-22, V-9604-22)

[*1]In the Matter of Erlin J. Cruz, appellant,
vElsa Mancia Cruz, respondent.

The Alber Firm, P.C., Huntington Station, NY (Michael J. Alber and Anthony Krummel of counsel), for appellant.
Olga J. Rodriguez, Forest Hills, NY, for respondent.
Todd D. Kadish, Great Neck, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Colin F. O'Donnell, J.), dated December 20, 2023, (2) an amended order of the same court (Colin F. O'Donnell, J.) dated December 19, 2023, (3) an order of dismissal of the same court (Colin F. O'Donnell, J.) dated December 20, 2023, and (4) an order of dismissal of the same court (Ellen R. Greenberg, J.) dated December 27, 2023. The order dated December 20, 2023, and the amended order granted, without a hearing, that branch of the mother's motion which was to dismiss the father's petition for custody of the parties' children for lack of subject matter jurisdiction. The orders of dismissal dated December 20, 2023, and December 27, 2023 dismissed the father's petition for custody of the parties' children.
ORDERED that the appeals from the order dated December 20, 2023, and the amended order are dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 6, part 3 (see id. § 1112[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the orders of dismissal dated December 20, 2023, and December 27, 2023 are reversed, on the law, without costs or disbursements, the order dated December 20, 2023, and the amended order are vacated, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.
The parties are the parents of two children, born in 2014 and 2016. On December 27, 2022, the father commenced this proceeding pursuant to Family Court Act article 6 for custody of the children. The father's petition alleged, inter alia, that the children had lived in Amityville since June 12, 2022. In September 2023, the mother moved, among other things, to dismiss the father's petition, arguing that the Family Court lacked subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Domestic Relations Law art 5-A). The [*2]father opposed the motion. In an order dated December 20, 2023, and an amended order dated December 19, 2023, the Family Court, without a hearing, granted that branch of the mother's motion on the basis that New York was not the children's home state at the time of the father filed his petition and, therefore, New York lacked subject matter jurisdiction. In two orders of dismissal dated December 20, 2023, and December 27, 2023, the Family Court dismissed the father's petition for custody of the children. The father appeals.
The UCCJEA provides, in relevant part, that a New York court has jurisdiction to make an initial child custody determination if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (id. § 76[1][a]; see Matter of Katz v Katz, 117 AD3d 1054, 1054). The UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]; see Matter of Montanez v Tompkinson, 167 AD3d 616, 618; Matter of Katz v Katz, 117 AD3d at 1054-1055).
Here, the father filed his petition for custody of the children on December 27, 2022. The mother argues on appeal that New York was not the children's home state because the children did not start to reside in New York until July 8, 2022, which is less than six months prior to December 27, 2022, the date of the commencement of the proceeding (see Domestic Relations Law § 75-a[7]). In contrast, the petition alleged, and the father argues on appeal, among other things, that the children resided in New York for more than six months before the date of the commencement of the proceeding, as they arrived in New York from El Salvador on June 12, 2022. As there are disputed issues of fact regarding when the mother and the children started residing in New York, the Family Court erred in concluding that it lacked subject matter jurisdiction without conducting a hearing and, therefore, the petition must be reinstated (see Matter of Kassim v Al-Maliki, 194 AD3d 719, 721; Matter of Stylianos T. v Tarah B., 161 AD3d 1175, 1176-1177; Matter of Padmo v Kayef, 134 AD3d 942, 943-944; Matter of Locklear v Andrews, 118 AD3d 1001, 1002-1003).
Accordingly, the matter must be remitted to the Family Court, Nassau County, for a hearing and new determination on the issue of subject matter jurisdiction and on that branch of the mother's motion which was to dismiss the father's petition for custody of the children and, thereafter, for a determination on the merits of the father's petition for custody of the children, if warranted.
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court