■ In the Matter of HAROLD EE., Respondent, v ROGER EE., Appellant, and CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [792 NYS2d 680]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 18, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of his niece.

The child at issue in this proceeding is now two years old. Following a hearing, Family Court granted sole legal and physical custody of the child to petitioner, her paternal uncle. Only respondent Roger EE., the child's father, takes issue with this determination. We now affirm.

As a prefatory matter, we are compelled to point out that the father does not specifically argue on appeal that Family Court erred in finding, as a threshold matter, that extraordinary circumstances existed to justify an award of custody to someone other than himself or the child's mother (*see Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]). Rather, the father contends that the court, in conducting its best interest analysis, failed to adequately take into consideration petitioner's failed relation-

ship with his own daughter before awarding him custody of his niece (see id. at 548).[1] We are unpersuaded.

The issue of petitioner's relationship with his daughter was fully explored during the hearing and obviously considered by Family Court.[2] While the record does reveal that petitioner no longer has contact with his daughter, he explained the reasons for the deterioration of this relationship and further established that he continues to pay child support for her. In our view, any past flaws on petitioner's part, including his estrangement from his daughter, were outweighed by his more recent positive attributes, lifestyle and genuine desire to provide a home for his niece.

The record reveals that petitioner, although having problems with drugs and alcohol in his late teens and early twenties, was 30 years old as of the hearing in this matter and had been drug free, sober and out of trouble for some years. The record further reveals that petitioner is in a long-term, healthy relationship with a woman who is equally dedicated to raising the child. A home study performed on the couple revealed that they are each gainfully employed, have adequate financial means to provide for the child and are committed to coparenting her. As of the hearing, they had recently purchased a home that was found to be more than adequate for them. Moreover, during supervised visits with the child, it was observed that parenting came "naturally" to each of them. In sum, there is a sound and substantial basis in the record for Family Court's conclusion that awarding petitioner custody of his niece was in the child's best interest (see Matter of McDevitt v Stimpson, 1 AD3d 811, 813 [2003], lv denied 1 NY3d 509 [2004]).

We have considered the father's remaining contention that he

---

1. In any event, the record fully supports Family Court's threshold finding of extraordinary circumstances. The child's mother, respondent Linda Z., is no stranger to this Court (see Matter of Mathew Z., 279 AD2d 904 [2001]; Matter of Tiffany AA., 268 AD2d 818 [2000]). Suffice it to say, the mother has abused and/or neglected a multitude of children under her care, including several biological children, thus resulting in the termination of her parental rights. Despite the mother's demonstrated inability to provide proper care for her children, the father unequivocally testified at the hearing in this matter that he intends to continue living with the mother and that, if their child was returned to his care, he would not stop the mother from being around her or make the mother move out.

2. Family Court had some doubt, with good reason based on the testimony, that this child was in fact petitioner's biological child. Petitioner was married to this child's mother for a matter of months in 1991, had no contact with the mother after the winter of 1991 and the child was born in September 1992 while the two were still legally married. Petitioner did not learn of the child's existence until 1995.

received ineffective assistance of counsel and are also unpersuaded.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

