In the Matter of ANGEL DD., a Child Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER EE., Appellant. (And Another Related Proceeding.) [796 NYS2d 429]—

Carpinello, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 13, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

The child who is the subject of this proceeding, Angel DD., was removed from her parents' home shortly after birth. While

Angel is respondent's first child, she is the eighth child of her mother.[1] Following a fact-finding hearing, Family Court ruled that respondent neglected the child by permitting her to be cared for by the mother.[2] Respondent appeals from the fact-finding order only (*see* n 2, *supra*).

We reject respondent's contention that Family Court erred in its determination that he neglected the child. It was established at the fact-finding hearing that respondent was aware of the mother's "whole history" pertaining to her seven other children and nevertheless permitted their child to be in her care following birth. While respondent testified at the hearing that he did not remember what the mother had told him about her child protective and criminal history, he admitted that he knew she had given birth to seven children, that she did not have custody or visitation with any of these children and that she was on parole. Moreover, respondent steadfastly maintained that the mother's past—including the prior instances of neglectful and abusive behavior on her part toward multiple children—was not his concern and simply did not matter to him. More importantly, despite ultimate knowledge of the specifics of the mother's past, respondent testified that he would continue to live with her and the child if the child were returned to him and that he found "no problem" with the mother taking care of the child. Under these circumstances, we are satisfied that petitioner sufficiently demonstrated that the child was neglected by respondent (*see* Family Ct Act § 1012 [f] [i] [B]; *see e.g. Matter of Katlyn GG.*, 2 AD3d 1233, 1234 [2003]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

1. As recently noted in a related matter, "[t]he child's mother . . . is no stranger to this Court . . . [having] abused and/or neglected a multitude of children under her care, including several biological children, thus resulting in the termination of her parental rights" (*Matter of Harold EE. v Roger EE.*, 17 AD3d 730, 731 n 1 [2005] [citations omitted]).

2. Following a dispositional hearing, Family Court concluded that it would be contrary to the child's best interests to be returned to respondent since he does not comprehend or accept the parental flaws of the mother and would not follow an order of protection keeping the child away from her. Thus, the court placed the child in foster care for 12 months. In the meantime, respondent's brother was ultimately awarded custody of the child, which order was affirmed by this Court (*see Matter of Harold EE. v Roger EE., supra*).