■ In the Matter of RUTH L., Respondent, v CLEMESE THERESA J., Appellant. [961 NYS2d 413]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about June 27, 2011, which, inter alia, granted custody of the subject child to petitioner paternal grandmother, unanimously affirmed, without costs.

We reject respondent mother's argument that the court did not have jurisdiction over this custody proceeding because New

York is not the child's home state. The child lived in New York continuously with his mother, his father and his paternal grandmother from the age of about two weeks until he was almost six months old. Contrary to respondent's contention, his absence from New York, brought about by respondent's desire to prevent the father or petitioner from obtaining custody, was "a temporary absence which did not interrupt the six-month pre-petition residency period required by the UCCJEA [Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A)]" (*see Matter of Felty v Felty*, 66 AD3d 64, 70 [2d Dept 2009]; *Matter of Krymko v Krymko*, 32 AD3d 941 [2d Dept 2006]; Domestic Relations Law § 75-a [7]).

The evidence establishes extraordinary circumstances that justify the award of custody to petitioner (*see Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]). This evidence includes respondent's extensive history of neglect and abuse of her nine previous children, which resulted in the death of one child who was left unattended in a bathtub and the termination of her parental rights as to all the others (*see e.g. Matter of Harold EE. v Roger EE.*, 17 AD3d 730, 731 n 1 [3d Dept 2005]; *see also Matter of Reed v Crim*, 202 AD2d 1018 [4th Dept 1994]). Respondent also has an extensive history of drug abuse, addiction, and criminal activity (*see Matter of Benzon v Sosa*, 244 AD2d 659 [3d Dept 1997]), as well as mental illness for which she has refused to engage in treatment or take prescribed medication (*see Matter of Vann v Herson*, 2 AD3d 910, 912-913 [3d Dept 2003]). Moreover, respondent's living situation continues to be unstable (*see Matter of North v Yeagley*, 96 AD3d 949 [2d Dept 2012]), and she has failed to plan for the child's return (*see Matter of Gary G. v Roslyn P.*, 248 AD2d 980 [4th Dept 1998]).

The court's determination that awarding custody to petitioner is in the child's best interests is supported by the evidence that petitioner has supported the child, given structure to his life, and provided a stable and loving home, where he is thriving (*see e.g. Matter of Brenda J. v Nicole M.*, 59 AD3d 299 [1st Dept 2009]). Indeed, the forensic evaluator concluded that removing the child from his grandmother's care would have disastrous consequences.

Respondent failed to preserve her objection to the court's consideration of the forensic evaluator's report (*see Matter of Hezekiah L. v Pamela A.L.*, 92 AD3d 506 [1st Dept 2012]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Moskowitz and Manzanet-Daniels, JJ.