■ Roberta P., Petitoner, v Vanessa J.P., Respondent, and Akeem C-R., Appellant. [31 NYS3d 507]—

Order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about February 24, 2015, which, after a hearing, found that extraordinary circumstances existed to permit petitioner, the maternal grandmother, to petition for custody, and granted her petition for sole legal and physical custody of the subject child, with liberal visitation in New York City to be arranged between the parties, unanimously affirmed, without costs.

Family Court properly found that the grandmother petitioner demonstrated the requisite extraordinary circumstances to seek custody of the child (*see Matter of Suarez v Williams*, 26 NY3d 440, 448 [2015]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; Domestic Relations Law § 72 [2] [a]). Contrary to the father's argument, the evidence supports the determination that petitioner, not the parents, cared for the child on a daily basis for a prolonged period of time of over 24 months, and that the child resided in her home during that period, and for almost all of his life. When the mother became unable by reason of mental illness to care for the child, the grandmother sought legal custody. By contrast, the father has not cared for

the child, on a daily basis, for any length of time, has had sporadic contact, and has not provided financial support for the child's care (*see Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980 [2d Dept 2015]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [3d Dept 2008]).

The father did not challenge petitioner's standing to seek custody as a grandmother under Domestic Relations Law § 72, or raise any constitutional arguments at trial, and those arguments are unpreserved for appellate review (*see Matter of Gracie C. v Nelson C.*, 118 AD3d 417 [1st Dept 2014]; *Matter of Rayshawn F.*, 36 AD3d 429, 430 [1st Dept 2007]). With respect to petitioner's standing to seek custody, since she adopted the mother, she is the child's grandmother for purposes of Domestic Relations Law § 72 (*see* Domestic Relations Law § 117 [1] [c]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 180 [1991]; *cf. Matter of Chifrine v Bekker*, 97 AD3d 574, 575 [2d Dept 2012], *lv denied* 19 NY3d 814 [2012]).

The father's due process arguments are unavailing, as the court made clear that the grant of temporary custody to petitioner was merely to preserve the status quo, confirming that petitioner, and not the father, was, at the time of the petition, raising the child. The court properly exercised its discretion in adjourning the proceeding to allow for the forensic evaluation to take place (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 727 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]), and the father did not object (*see Matter of Skyla Lanie B. [Jonathan Miranda B.]*, 116 AD3d 589, 590 [1st Dept 2014]).

There is no basis to disturb Family Court's determination that it is in the child's best interests to remain with petitioner (*see Melissa C.D. v Rene I.D.*, 117 AD3d 407, 407-408 [1st Dept 2014]). Family Court properly considered all relevant factors in making that determination, and the evidence that petitioner had provided the child with a loving and stable home, as well as that the child wished to remain with her, supported the determination. On the other hand, the father had never provided for the child's care on a daily basis, and intended to uproot the child from his home, to move across the country, to be cared for by the father's fiancé, whom the child never met, without regard to the child's well-being or emotional needs (*see Matter of Michaellica Lee W.*, 106 AD3d 639, 640 [1st Dept 2013]).

Finally, the father's arguments regarding the court's visitation provision are unfounded. Since no home study was provided to the court concerning the father's new home in

California, visitation was rationally restricted to New York City. To the extent the father refers to new information regarding his current marital status, living arrangements and employment, which was not before the trial court, such information is not part of the record on this appeal (*see Mendoza v Plaza Homes, LLC*, 55 AD3d 692 [2d Dept 2008]), but may be raised in a modification petition.

We have considered the father's remaining arguments and find them unpreserved and unavailing. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.