■ In the Matter of SHARON B., Respondent, v TIFFANY P., Appellant, et al., Respondent. [39 NYS3d 440]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about March 20, 2015, which, after a hearing, awarded sole physical and legal custody of the subject child to petitioner, unanimously affirmed, without costs.

Petitioner, the child's grandmother, demonstrated the requisite extraordinary circumstances to establish her standing to seek custody of the child (*see Matter of Suarez v Williams*, 26 NY3d 440 [2015]; Domestic Relations Law § 72 [2] [a]). Contrary to respondent mother's argument, substantial evidence supports the court's determination that petitioner, not

respondent, cared for the child on a daily basis beginning in his infancy and that the child resided in her home for more than 10 years, nearly his entire life. Respondent's 28-month incarceration for selling drugs—during which time the child resided in petitioner's home—is alone enough to constitute extraordinary circumstances under Domestic Relations Law § 72 (2) (*see Suarez*, 26 NY3d at 451).

The record also supports the court's determination that it is in the child's best interests to be in petitioner's custody (*see Matter of Bennett v Jeffreys*, 40 NY2d 543 [1976]). Petitioner has supported the child and provided a stable and loving home where he is thriving, while respondent is at this point unable to do so (*see Matter of Ruth L. v Clemese Theresa J.*, 104 AD3d 554 [1st Dept 2013], *lv denied* 21 NY3d 860 [2013]). The child is fully bonded with petitioner, and, by all accounts, she has provided him with excellent care. The court gave the appropriate weight to the testimony of petitioner and the child's social worker, the reports of the forensic evaluator, and the child's own wishes in coming to its determination.

We have considered respondent's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.