■ In the Matter of WALTER S., JR., Appellant, v CYNTHIA H., Respondent. [45 NYS3d 27]—

Appeal from order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about December 7, 2015, which transferred the petition to modify visitation to Suffolk County Family Court, unanimously dismissed, without costs, as taken from a nonappealable paper.

The order transferring the petition to Suffolk County is not a final order of disposition and is not appealable as of right (*see* Family Ct Act § 1112 [a]; *Matter of Lydia D. v Thomas B.*, 99 AD3d 586 [1st Dept 2012]). Moreover, the father did not object to the transfer of the petition, and his claim that it was an improvident exercise of the court's discretion is therefore unpreserved (*see e.g. Roberta P. v Vanessa J.P.*, 140 AD3d 457, 458 [1st Dept 2016], *lv denied* 28 NY3d 904 [2016]). Furthermore, since the petition has since been dismissed, the issue is academic.

Were we to consider the merits, we would find that the court did not improvidently exercise its discretion in transferring the petition to Suffolk County, where the mother's family offense petition was pending, in order to accommodate the child's school schedule and where the mother and the child reside (*see e.g. Greenblum v Greenblum*, 136 AD3d 595 [1st Dept 2016]). The father failed to demonstrate that the transfer was a hardship to him due to his health. Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.