Matter of Iliana S. v Richard P. (2018 NY Slip Op 07352)





Matter of Iliana S. v Richard P.


2018 NY Slip Op 07352


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7530

[*1]In re Iliana S., Petitioner-Appellant,
v
Richard P., Respondent-Respondent, Maria S. (Deceased), Respondent.
In re Iliana S., Petitioner-Appellant,
v
Richard P., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.



Order, Family Court, New York County (Monica D. Shulman, Referee), entered on or about October 19, 2017, which, to the extent appealed from as limited by the briefs, dismissed appellant's petition for custody of her nephew, unanimously affirmed, without costs.
Family Court properly found that petitioner, the subject child's maternal aunt, failed to establish the requisite extraordinary circumstances to seek custody of the child (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Domestic Relations Law § 72[2][a]).
While the child and his mother resided with petitioner and the maternal family for approximately one year prior to the mother's death, there was no prolonged separation of the father and child, during which he voluntarily relinquished care and control of the child, sufficient to disrupt his assertion of custody (compare Roberta P. v Vanessa J.P., 140 AD3d 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). Respondent father took the child into his custody shortly after the mother's death, and both the father and his wife testified that they have provided for the child's financial and emotional needs since that time.
Nor are there allegations of serious misconduct on the part of the father to constitute the requisite extraordinary circumstances necessary to allow for a further best interest custodial [*2]determination (compare Matter of Veras v Padilla, 161 AD3d 989 [2d Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK