Matter of Lenora D. v Richard J.R. (2019 NY Slip Op 07143)





Matter of Lenora D. v Richard J.R.


2019 NY Slip Op 07143


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9985

[*1]In re Lenora D., Petitioner-Respondent,
v
Richard J.R., Respondent-Appellant, Victoria L.H., Respondent.


George E. Reed, Jr., White Plains, for appellant.
Larry S. Bachner, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Order, Family County, Bronx County (Tamra Walker, Referee), entered on or about March 2, 2018, which, after a hearing, found that extraordinary circumstances existed to permit petitioner maternal grandmother to seek custody of the subject child, and granted the grandmother's petition for sole custody of the child with visitation to the father, unanimously affirmed, without costs.
Petitioner grandmother demonstrated the requisite extraordinary circumstances to establish her standing to seek custody of the child after her mother died unexpectedly (see Matter of Suarez v Williams, 26 NY3d 440 [2015]; Domestic Relations Law § 72[2][a]). For about four years before the mother's death in 2017, the mother and the child had lived in the grandmother's household, and the mother and grandmother together provided for all the child's financial and other needs. In contrast, the father resided with the child for about two years after her birth, until the mother moved out with the child in about 2008. Thereafter, the father saw the child sporadically and provided minimal financial support (see Suarez, 26 NY3d at 450-451). Given the child's need for stability in the aftermath of her mother's sudden death, the grandmother met her burden of showing extraordinary circumstances (see id.; Roberta P. v Vanessa J.P., 140 AD3d 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]; Matter of Danzy v Jones-Moore, 54 AD3d 858 [2d Dept 2008]).
The record also supports the finding that it is in the child's best interests to be in the grandmother's custody (see Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]). The grandmother has supported the child and provided a stable and loving home where the child is thriving and all of her needs are met (see Matter of Ruth L. v Clemese Theresa J., 104 AD3d 554 [1st Dept 2013], lv denied 21 NY3d 860 [2013]). The child is fully bonded with the [*2]grandmother, who has provided her with financial and emotional support, especially after the mother's death, and provided for all of her medical care and educational needs.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK