Matter of Frances M.L. v Luis F.O.C. (2020 NY Slip Op 05683)





Matter of Frances M.L. v Luis F.O.C.


2020 NY Slip Op 05683


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Docket No. V-8710/18, V-08715/18, V-09224/18, V-09225/18 Appeal No. 12048 Case No. 2019-004879 

[*1]In re Frances M.L., Petitioner-Respondent,
v
Luis F.O.C., Respondent-Appellant, Michelle D., et al., Respondents-Respondents.
In re Louis F.O.C., Petitioner-Appellant,
v
Frances M.L., et al., Respondents-Respondents.


Steven P. Forbes, Jamaica, for appellant.
Law Office of Lewis S. Calderson, Jamaica (Lewis S. Calderon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child,



Order, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about October 15, 2019, which awarded joint legal custody of the subject children to petitioner aunt and respondent father and awarded the aunt primary residential custody of the children, unanimously affirmed, without costs.
Petitioner established the requisite extraordinary circumstances to demonstrate her standing to seek custody of the children, her niece and nephew, after their mother died in February 2018 (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Matter of Curry v Ashby, 129 AD2d 310, 311 [1st Dept 1987]; Domestic Relations Law § 72[2][a]). Petitioner had been involved in the children's upbringing throughout their lives, while respondent was largely absent from the children's lives (see Roberta P. v Vanessa J.P., 140 AD3d 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). With the exception of a six-month period in 2017, the children had resided with petitioner since September 2013. In June 2017, when the Administration for Children's Services became involved with their mother, petitioner assumed care of the children and, after their mother's death, became their primary parental figure. Petitioner has provided for all the children's financial, medical, educational, and other needs.
The record supports the court's finding that it is in the children's best interests to be in petitioner's custody (see Matter of Bennett v Jeffreys, 40 NY2d 543). Petitioner has supported them for the majority of their lives and provided them with a stable and loving home where they are thriving, all their needs are met, and they wish to remain (see Matter of Ricardo S. v Carron C., 91 AD3d 556 [1st Dept 2012]). By contrast, respondent has not been involved in the children's education, medical care, and day-to-day lives; he has never lived with them or cared for them for any length of time (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).
We have considered appellant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020