Matter of Tomlinson v Horton (2021 NY Slip Op 00932)





Matter of Tomlinson v Horton


2021 NY Slip Op 00932


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


103 CAF 19-01244

[*1]IN THE MATTER OF DIANE O. TOMLINSON AND LEONARD L. TOMLINSON, PETITIONERS-RESPONDENTS,
v
CHARLES HORTON, RESPONDENT-APPELLANT. 
IN THE MATTER OF DIANE O. TOMLINSON AND LEONARD L. TOMLINSON, PETITIONERS,LIANE P. TOMLINSON, RESPONDENT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
AYOKA A. TUCKER, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered June 6, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the subject child to petitioners. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded sole custody of the subject 11-year-old child to petitioners, the child's maternal grandparents (grandparents), following a hearing. The father correctly concedes that his imprisonment in a federal facility for the eight years before the petition against him was filed constitutes the requisite extraordinary circumstances warranting an inquiry into whether it is in the best interests of the child to award the grandparents custody, and that the grandparents therefore met their burden of proof with respect to that issue (see Matter of Sharon B. v Tiffany P., 143 AD3d 573, 574 [1st Dept 2016]; see generally Matter of Suarez v Williams, 26 NY3d 440, 446-448 [2015]).
Contrary to the father's contention, there is a sound and substantial basis in the record for Family Court's determination that the best interests of the child are served by awarding the grandparents sole custody of the child (see Matter of Mumford v Milner, 183 AD3d 893, 895 [2d Dept 2020]; see also Matter of Wojciulewicz v McCauley, 166 AD3d 1489, 1490 [4th Dept 2018], lv denied 32 NY3d 918 [2019]; see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The record establishes that the grandparents, without any financial contribution from the father, have provided the child with a loving and stable home environment since the birth of the child, and have provided for the child's physical, emotional, educational, and medical needs, as well as for the special therapeutic needs arising from the child's medical diagnoses of autism and attention deficit hyperactivity disorder.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court