Matter of Lillette T. v Simone G. (2024 NY Slip Op 04936)

Matter of Lillette T. v Simone G.

2024 NY Slip Op 04936

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. V-03172/21, V-03465/21, V-03173/21, V-03439/21, V-03468/21 Appeal No. 2753 Case No. 2023-06674 

[*1]In the Matter of Lillette T., Petitioner-Respondent,
v
Simone G., Respondent-Appellant, Aaron M., Respondent-Respondent.

In the Matter of Lillette T., Petitioner-Respondent,
v
Simone G., Respondent-Appellant, Tevin T., Respondent.

Larry Bachner, New York, for appellant.
Leslie S. Lowenstein, Woodmere, for Lillette T., respondent.
Daniel P. Moskowitz, Jamaica, for Aaron M., respondent.
Law office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), attorney for the child.

Order, Family Court, New York County (Hasa A. Kingo, J.), entered on or about November 29, 2023, which, upon a finding of extraordinary circumstances following hearings, determined that it would be in the best interests of the younger child to award primary physical and sole legal custody to the grandmother, and that it was in the best interests of the older child to award primary physical custody to the father and joint legal custody to the father and the grandmother, unanimously affirmed, without costs.
Petitioner established the requisite extraordinary circumstances to warrant being granted custody of her grandchildren following a domestic violence incident involving the mother and the mother's wife (see Matter of Suarez v Williams, 26 NY3d 440, 449-450 [2015]; see also Lori MM. v Amanda NN., 75 AD3d 774, 775 [3d Dept 2010]). Both children had lived with the grandmother since they were born, and she provided for all their basic needs, enrolled them in school, and took them to their medical appointments (see Roberta P. v Vanessa J.P., 140 AD3d 457, 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). Family Court also properly considered the mother's insistence on maintaining a relationship with her wife, despite a history of domestic violence, and the mother's decision to bring the children around the wife in violation of Family Court's prior orders and the children's own wishes (see e.g. Matter of Turner v Maiden, 70 AD3d 1214 [3d Dept 2010]).
There is no basis to disturb Family Court's best interests determinations (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of David H. v Khalima H., 111 AD3d 544, 545 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). The court properly considered the totality of the circumstances and concluded that the best interests of the younger child would be served if she were to remain with the grandmother, who had been her primary caretaker since birth (see Roberta P., 140 AD3d 457). As for the older child, Family Court properly determined that the father provided her with a stable home and, with the help of his supportive family, he could meet her financial, educational, and emotional needs (see Matter of Errol S. v Shelidah D., 103 AD3d 597, 597-598 [1st Dept 2013]). Family Court also gave sufficient weight to the children's individual wishes in determining what was in their best interests (see Melissa C.D. v Rene I.D., Jr., 117 AD3d 407, 408 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024