Matter of R.M.C.T. v A.E. (2026 NY Slip Op 01000)

Matter of R.M.C.T. v A.E.

2026 NY Slip Op 01000

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

 |Docket No. V-0262-20 V-06128-22|Appeal No. 5868|Case No. 2024-03198|

[*1]In the Matter of R.M.C.T., Petitioner-Appellant,
vA.E., et al., Respondents-Respondents. 

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Daniel R. Katz, New York, for A.E. and I.E., respondents.
Andrew J. Baer, New York, for M.R.R., respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Eva Stein of counsel), for the child.

Order, Family Court, Bronx County (Robert T. Johnson, J.), entered on or about April 17, 2024, which, to the extent appealed from as limited by the briefs, after a hearing, granted the petition of the subject child's maternal grandmother and step-grandfather (the grandparents) for sole legal and physical custody of the child and denied the father's petition for custody, unanimously affirmed, without costs.
Family Court properly found that the child's maternal grandparents demonstrated that extraordinary circumstances existed that established their standing to seek custody of the child from the child's surviving parent (see Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]; Matter of Sharon B. v Tiffany P., 143 AD3d 573, 573 [1st Dept 2016]; Domestic Relations Law § 72[2][a]). Since the mother's death, the grandparents have been the child's consistent, primary caregivers and means of financial support (see Roberta P. v Vanessa J.P., 140 AD3d 457, 457 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). The father, on the other hand, testified that he visited the child sporadically before the mother's death and had no contact with the child since then (see id. at 458).
The totality of the circumstances demonstrated that the award of custody to the grandparents was in the best interests of the child (see Matter of Tawanna W. v Kamella T., 233 AD3d 638, 638 [1st Dept 2024]). The grandparents provided the child with a stable and nurturing home following the child's mother's death (Matter of Ruth L. v Clemese Theresa J., 104 AD3d 554, 555 [1st Dept 2013], lv denied 21 NY3d 860 [2013]). The grandmother credibly testified to providing the child with emotional support and guidance following this traumatic and devastating loss, including enrolling in grief therapy. The grandparents also enrolled the child in school, attended to the child's educational and medical needs, and facilitated contact with the child's stepsiblings. Having had the ability to view the witnesses and hear the testimony, the court's findings on this issue should be accorded great deference (see Matter of Tawanna W., 233 AD3d at 639). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026