■ In the Matter of JAMES D. FLEET, Appellant, v GEANINE SCAROLA, Respondent. [633 NYS2d 362] —In a proceeding, *inter alia,* for a temporary child custody determination pursuant to Domestic Relations Law § 75-d, the petitioner father appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated July 7, 1995, which denied his application to grant him immediate temporary custody of the parties' infant child and to enjoin the respondent mother from enforcing an order of the Circuit Court, Palm Beach County, Florida (Brown, J.), dated May 18, 1995, which, among other things, granted her interim custody of the child.

Ordered that the order is affirmed, with costs.

The father, who initiated a custody action in Florida in December 1994, now asks the courts of this State to exercise jurisdiction pursuant to Domestic Relations Law § 75-d, specifically section 75-d (1) (c)—jurisdiction necessitated by an emergency to protect the child. Given the father's pending custody action in Florida, the primary question is whether Florida was "exercising jurisdiction * * * in conformity" with the Uniform Child Custody Jurisdiction Act (hereinafter the UCCJA) to preclude New York from exercising jurisdiction (Domestic Relations Law § 75-g [1]; *see, Vanneck v Vanneck,* 49 NY2d 602).

By its Notice of Simultaneous Proceedings, the Florida court informed the Supreme Court, Suffolk County, that Florida's jurisdiction was invoked when the father filed a petition in the Circuit Court of the Fifteenth Judicial District in Palm Beach County, Florida, on December 27, 1994, for an order of paternity, custody, primary residence, and child support. The father, in his affidavit in support of the Florida petition, attested that the parties were all Florida residents and that the child's home State was Florida. Having assumed jurisdiction, the Florida proceeding progressed to the point where, after interrogatories, mediations, and a hearing, the court granted temporary custody to the mother. Therefore, Florida exercised its jurisdiction in this custody matter according to the mandates of the UCCJA.

The father's allegations in his petition before the Supreme Court to allow New York to assume emergency jurisdiction under Domestic Relations Law § 75-d (1) (c) were unsubstantiated and insufficient for New York to assert jurisdiction (see, Matter of Hernandez v Collura, 113 AD2d 750, 752; cf., Matter of Vanessa E., 190 AD2d 134, 136; Matter of Maureen S. v Margaret S., 184 AD2d 159, 162-163). Accordingly, his application was properly denied.

The father's remaining contentions are without merit. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.