■ In the Matter of RACHEL RANDALL, Appellant, v DARLEY RANDALL, Respondent. [759 NYS2d 537] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), entered August 23, 2002, which granted the father's motion to dismiss the petition for lack of jurisdiction pursuant to Domestic Relations Law article 5-A.

Ordered that the order is affirmed, with costs.

The parties' son, Darley Talbot Randall III, was born on

September 9, 1999, in the State of New York. The parties lived in New York until November 17, 1999, when they moved to Costa Rica. With the exception of a one-month sojourn to Connecticut in October 2000, the family resided continuously in Costa Rica. The mother left Costa Rica with the child on February 20, 2002, and returned to New York. Although the father commenced an action in Costa Rica seeking custody of the child before the commencement of this proceeding, there are no orders from that forum to date.

Domestic Relations Law § 75-d, as amended effective April 28, 2002, bars the courts of New York from exercising jurisdiction over this matter. Domestic Relations Law § 75-d provides that "[a] court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this title and title two of this article." New York was not the child's "home state" since he lived abroad within six months before the commencement of this proceeding (*Warshawsky v Warshawsky,* 226 AD2d 708, 709 [1996]).

Furthermore, New York is clearly a forum non conveniens (*see* Domestic Relations Law § 75-h). The child has resided outside New York virtually from birth to the present time, the parties' home is in Costa Rica, and the parties have applied for permanent residency in Costa Rica. All the relevant evidence required to resolve this dispute, including the child's doctors and witnesses to the alleged abuse, is located in Costa Rica. There is a custody and divorce action pending in Costa Rica. Thus, Costa Rica has the most significant contacts with the parties and, consequently, jurisdiction is properly placed before that forum.

Moreover, the mother's unsubstantiated allegations of abuse are insufficient to require New York to invoke its emergency jurisdiction (*see Tenenbaum v Sprecher,* 133 AD2d 371 [1987]).

The mother's remaining contentions are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.