■ In the Matter of EMMA HEARNE, Appellant, v JEFFREY HEARNE, Respondent. [878 NYS2d 81]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered April 11, 2008, which, after a hearing, granted the father's motion, in effect, to dismiss the petition for lack of subject matter jurisdiction and to vacate a temporary order of protection of the same court dated February 27, 2008.

Ordered that the order entered April 11, 2008 is affirmed, without costs or disbursements.

The parties, who have one child, were divorced in the state of Delaware. In June 2007 the Family Court of the state of Delaware (hereinafter the Delaware Family Court) entered an order permitting the mother to relocate with the child to New York and awarding the father visitation. In an interim custody order dated January 25, 2008, the Delaware Family Court determined, inter alia, that the mother's allegations that the father had sexually abused the child, which had been investigated in Delaware and New York, were unsubstantiated, and awarded the parties joint legal custody of the child, with shared residential custody. Specifically, the child was to reside with the mother beginning on February 1, 2008, then with the father beginning on March 1, 2008, with the nonresidential parent entitled to certain weekend visitation. Thereafter, custody was to alternate between the parties on the first day of each succeeding month.

On February 15, 2008 the mother filed a petition for an order of protection in the Delaware Family Court, alleging that the father had harassed and sexually abused the child. However, the Delaware Family Court, reciting that there had been no prior findings that the father committed abuse, denied the petition and scheduled a hearing for March 18, 2008.

On February 27, 2008 the mother filed the instant family offense petition in the Family Court, Orange County, making the same allegations against the father as she made in her Delaware Family Court petition, and seeking an ex parte order of protection on behalf of the child. Based upon her petition in the instant proceeding, the Family Court issued a temporary order of protection. The father moved, in effect, to dismiss the petition in the instant proceeding for lack of subject matter jurisdiction and to vacate the temporary order of protection. After a hearing, the Family Court granted the father's motion, finding that the Delaware Family Court was in the best position to make determinations regarding the child's safety and that the mother appeared to be using the New York courts to subvert the Delaware Family Court's orders. We affirm.

Domestic Relations Law § 76-c provides that a New York court has temporary emergency jurisdiction where the child is present in New York and the child has been abandoned or it is necessary in an emergency to protect the child, a sibling, or parent of the child. The mother's unsubstantiated allegations were insufficient to require or warrant the invocation of the Family Court's emergency jurisdiction (*see Matter of Randall v Randall,* 305 AD2d 512, 513 [2003]; *Matter of Fleet v Scarola,* 221 AD2d

339, 340 [1995]; *Matter of Tenenbaum v Sprecher,* 133 AD2d 371, 373 [1987]; *cf. Matter of Vanessa E.,* 190 AD2d 134, 136 [1993]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.