*885 The Family Court properly granted the father’s motion to dismiss the mother’s petition to modify an out-of-state custody order. The State of Delaware asserted home-state jurisdiction over the custody proceeding commenced there by the father (see Domestic Relations Law § 75-a [7]; Matter of Navarrete v Wyatt, 52 AD3d 836 [2008]). Here, a New York court may not exercise jurisdiction over a custody proceeding involving the parties’ children, since the pending Delaware proceeding has not been terminated or stayed by the Delaware courts (Domestic Relations Law § 76-e [1]). Moreover, Delaware courts have not relinquished jurisdiction over the matter by determining that they no longer have continuing, exclusive jurisdiction, or that New York would be a more convenient forum (see Domestic Relations Law § 76-b [1]). Therefore, the Family Court may not modify the subject Delaware custody order, which has been registered here (see Domestic Relations Law § 77-e [2]). Accordingly, the Family Court properly dismissed the mother’s petition to modify the Delaware order.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified at article 5-A of the Domestic Relations Law, when a child is present in New York, a New York court may exercise temporary emergency jurisdiction to protect a child, sibling, or parent (see Domestic Relations Law § 76-c [1]). Here, however, the mother’s allegations in her family offense petition failed to sufficiently allege conduct by the father that would constitute a family offense (see Family Ct Act §§ 812, 822; Matter of Hearne v Hearne, 61 AD3d 758 [2009]; Matter of Davis v Venditto, 45 AD3d 837, 838 [2007]; Matter of Fleet v Scarola, 221 AD2d 339 [1995]). Therefore, the Family Court properly granted the father’s motion to dismiss the mother’s family offense petition. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.
Motion by the appellant on appeals from two orders of the Family Court, Nassau County, dated December 8, 2011, and December 12, 2011, respectively, inter alia, to strike the respondent’s brief. By decision and order on motion of this Court dated September 17, 2012, that branch of the motion which was to strike the respondent’s brief was held in abeyance *886 and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the submission of the appeals, it is
Ordered that the branch of the motion which is to strike the respondent’s brief is denied. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.