■ In the Matter of DAVID KATZ, Appellant, v ELIZABETH KATZ, Respondent. [986 NYS2d 611]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Mulrooney, Ct. Atty. Ref.), dated December 21, 2012, which, without a hearing, dismissed his petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing and determination of the petition thereafter.

On November 23, 2011, the father filed a petition for custody in the Family Court, Queens County, alleging that, on October 2, 2011, the mother took the parties' child, who had been residing in the Bronx, to the Dominican Republic without his permission. The Family Court held the matter in abeyance pending a determination in the Dominican Republic with regard to the father's application there for a return of the child pursuant to the Convention on the Civil Aspects of International Child Abduction (hereinafter the Convention). On October 5, 2012, the Civil Chamber of the Court of Children and Adolescents of the Judicial District of Santo Domingo rejected the father's request for a return of the child, and directed that the child remain in the company of the mother in the Dominican Republic, finding that if the child were returned to the United States she would be exposed to a violation of her fundamental rights due to issues of domestic violence. In the order appealed from, the Family Court dismissed the father's petition for custody, concluding that it was bound to do so pursuant to the order issued by the court in the Dominican Republic.

The Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A) governs a New York State court's jurisdiction in international child custody matters (*see* Domestic Relations Law § 75-d). Domestic Relations Law § 76, which establishes initial child custody jurisdiction, provides, inter alia, that a court of this State has jurisdiction to make an initial child custody determination if this State is the home state of the child on the date of the commencement of the proceeding (*see* Domestic Relations Law § 76 [1] [a]). "Home state" is defined as the state in which a child lived with a parent for at least six consecutive months immediately before the

commencement of a child custody proceeding (*see* Domestic Relations Law § 75-a [7]). While "state" is defined as a "state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States" (Domestic Relations Law § 75-a [15]), pursuant to Domestic Relations Law § 75-d, a "court of this state shall treat a foreign country as if it were a state of the United States" (Domestic Relations Law § 75-d [1]).

The Convention, "done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights" (42 USC § 11601 [a] [4]). "The Convention seeks to secure the prompt return of children wrongfully removed to or retained in any Contracting State and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States" (*Chafin v Chafin*, 568 US —, —, 133 S Ct 1017, 1021 [2013] [internal quotation marks and citation omitted]; *see Abbott v Abbott*, 560 US 1, 8 [2010]). The Convention provides that a child abducted in violation of rights of custody must be returned to his or her country of habitual residence, unless certain exceptions apply (*see Abbott v Abbott*, 560 US at 5). Return is not required, for example, if the abducting parent can establish that there is a grave risk that the child's return would expose him or her "to physical or psychological harm or otherwise place the child in an intolerable situation" (*id*. at 22 [internal quotation marks and citation omitted]). A decision under the Convention is not a determination on the merits of any custody issue, but leaves custodial decisions to the courts of the country of habitual residence (*see id*. at 9; *see also Mota v Castillo*, 692 F3d 108, 112 [2012]).

Here, it is undisputed that the United States was the child's country of habitual residence, and that, at the time the petition was filed, New York was the child's "home state." Thus, the Family Court had jurisdiction to determine the father's petition for custody (*see* Domestic Relations Law § 76 [1] [a]). Moreover, the denial, by the court in the Dominican Republic, of the father's application for a return of the child pursuant to the Convention, did not preempt his custody proceeding (*see In re T.L.B.*, 272 P3d 1148 [Colo Ct App 2012]; *see also* Merril Sobie, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d). Accordingly, the Family Court erred in dismissing the father's petition.

The mother's remaining contention is without merit. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.