◼ In the Matter of NICHOLAS HOLLANDER, Appellant, v TANIA WEISSBERG, Respondent. [47 NYS3d 356]—

Appeal by the father from an order of the Family Court, Westchester County (Arlene E. Katz, J.), entered October 5, 2015. The order dismissed, for lack of subject matter jurisdic-

tion, the father's petitions to enforce the terms of a California custody and visitation order and to find that the mother violated that order.

Ordered that the order is affirmed, without costs or disbursements.

The parties lived in California, where they were married in September 2005. The parties' son, who has special needs and various significant physical and cognitive disabilities, was born in 2006. A divorce judgment was entered in California on March 25, 2011, which incorporated the parties' marital settlement agreement providing for joint custody of the child, with primary physical custody to the mother. An application by the mother to relocate with the child to Israel was granted by a California court in an order dated March 13, 2013 (hereinafter the California order). The California order also provided the father with a new visitation schedule with the child in the United States. Shortly thereafter, the mother moved to Israel with the child and the father relocated to New York. The mother then filed a petition in the Israel Family Court seeking to modify the father's visitation with the child, wherein she alleged an inability to obtain travel medical insurance for the child. The Israel Family Court issued a temporary stay with respect to visitation. The father commenced a proceeding in the Family Court, Westchester County, to enforce the visitation rights awarded to him in the California order, as well as two related proceedings alleging that the mother had violated that order. By this time, California had relinquished its continuing jurisdiction pertaining to issues of custody and visitation regarding the child. The mother moved to dismiss the father's petitions pursuant to Domestic Relations Law § 77-f on the ground that a simultaneous proceeding was pending in the child's "home state" of Israel. In the order appealed from, the Family Court granted the mother's motion to dismiss the father's petitions based on lack of subject matter jurisdiction. We affirm.

A court of this state may not exercise its jurisdiction if, at the time of the commencement of the proceeding, a proceeding concerning the custody or visitation of the child has been commenced in a court of another state having jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), embodied in Domestic Relations Law article 5-A and codified at Domestic Relations Law § 75 *et seq.*, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum (*see* Domestic

Relations Law § 76-e [1]; *Matter of Frankel v Frankel*, 127 AD3d 1186 [2015]). If the court of this state determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with Domestic Relations Law article 5-A, the court of this state shall stay its proceedings and communicate with the court of the other state (*see* Domestic Relations Law §§ 75-i [1]; 76-e [2]). If the court of the state having jurisdiction substantially in accordance with Domestic Relations Law article 5-A does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding (*see* Domestic Relations Law § 76-e [2]).

With limited exceptions, a record must be made of the communication between the two courts and the parties must be informed promptly of the communication and granted access to the record (*see* Domestic Relations Law § 75-i [4]). Furthermore, if the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made (*see* Domestic Relations Law § 75-i [2]).

Domestic Relations Law § 75-d (1) provides that "[a] court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this title and title two of this article."

Here, the Family Court properly determined that New York was not the child's "home state" since he lived in Israel for more than six months before the commencement of these proceedings (*see Matter of Malik v Fhara*, 97 AD3d 583, 584 [2012]). The Family Court also properly ascertained that compliance with Domestic Relations Law § 75-i was not feasible, as the laws and procedures to which the Israel Family Court must adhere prevent communication between the two courts. Further, the Family Court properly determined that Israel is the appropriate forum to rule on whether the child's best interests necessitate modification of the California order because "the child, who is sick and has certain special needs, resides in Israel, as do any necessary contacts, witnesses and service providers, and . . . there are no such contacts in New York," making New York a forum non conveniens. Accordingly, under these circumstances, the father's petitions were properly dismissed for lack of jurisdiction (*see Matter of Malik v Fhara*, 97 AD3d at 584; *Matter of Mzimaz v Barik*, 89 AD3d 948 [2011]; *Matter of Navarrete v Wyatt*, 52 AD3d 836 [2008]; *Matter of Randall v Randall*, 305 AD2d 512 [2003]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.