Matter of Etzel v Freleng (2020 NY Slip Op 06783)





Matter of Etzel v Freleng


2020 NY Slip Op 06783


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-13203
 (Docket Nos. O-9263-19, V-10994-19/19A)

[*1]In the Matter of Richard J. Etzel, Jr., appellant,
v
Alison Freleng, respondent.


Kristiana L. Gomes, Hauppauge, NY, for appellant.
Abbe Shapiro, Mount Sinai, NY, for respondent.
Margaret Carlo, Central Islip, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated August 13, 2019. The order, after a hearing, dismissed the father's family offense petition and his petition to modify the parental access provisions of a final divorce decree issued in the State of Vermont based upon lack of subject matter jurisdiction.
ORDERED that the order is affirmed, without costs or disbursements.
Richard J. Etzel, Jr. (hereinafter the father), and Alison Freleng (hereinafter the mother) are the parents of a child, born in 2016. In 2019, the Vermont Superior Court entered a final divorce decree, which, inter alia, awarded sole legal and physical custody of the child to the father, who lived in New York, with parental access to the mother, who lived in Vermont.
Thereafter, the father filed a family offense petition in the Family Court, Suffolk County, alleging that the mother had committed the family offenses of disorderly conduct, harassment in the first or second degree, assault in the second or third degree, menacing in the second or third degree, and reckless endangerment. The father also filed a petition in the Family Court to modify the divorce decree so as to limit the mother to supervised parental access with the child. After a hearing, the court dismissed the petitions. The father appeals.
The record is clear that Vermont had exclusive, continuing jurisdiction over the custody dispute, as the mother continued to reside in Vermont and the Vermont court had not declined jurisdiction (see Domestic Relations Law § 76-b; 15 Vermont Statutes Annotated § 1073; Matter of Renaud v Barnett, 174 AD3d 906, 907). Therefore, we agree with the Family Court's determination dismissing the father's petition for a modification of the final divorce decree based upon lack of subject matter jurisdiction (see Matter of Duran v Mercado, 155 AD3d 725, 726). For that same reason, we also agree with the Family Court's determination dismissing the family offense petition, which would have necessarily affected the parties' custody and parental access rights (see Matter of Alintoff v Alintoff, 141 AD3d 518, 519).
The father's remaining contention is without merit.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court