Matter of Aida T.M. v Manuel R.T.M. (2021 NY Slip Op 04688)





Matter of Aida T.M. v Manuel R.T.M.


2021 NY Slip Op 04688


Decided on August 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2021-05644
 (Docket No. G-4863-21)

[*1]In the Matter of Aida T. M. (Anonymous), appellant,
v
Manuel R. T. M. (Anonymous), respondent.


Max Pierre Dubuche, Astoria, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated July 15, 2021. The order, after a hearing, dismissed the petition for lack of subject matter jurisdiction.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of three children, the eldest of whom (hereinafter the child) is the subject of this proceeding. The child was born in Ecuador in August 2000 and will shortly turn 21 years of age. In 2003, the mother relocated to the United States and left the child in the care of his maternal grandparents in Ecuador. In or around April 2021, the child entered the United States without documentation and, since that time, has been residing with his mother in New York. Thereafter, the mother commenced this proceeding to be appointed guardian of the child and also moved for the issuance of an order making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). The child executed an affidavit consenting to the mother's petition. In addition, the father executed an affidavit waiving service of process and his appearance at the hearing, and consenting to the mother's petition. In an order dated July 15, 2021, the Family Court, after a hearing, dismissed the mother's petition for guardianship on the ground of lack of subject matter jurisdiction.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law § 75 et seq.; hereinafter UCCJEA), a New York court has jurisdiction to make an initial child custody determination if New York is the "home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (id. § 76[1][a]). A child's home state is defined, in pertinent part, as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (id. § 75-a[7]). A New York court may also exercise jurisdiction if "a court of another state does not have jurisdiction under paragraph (a) of this subdivision, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum . . . , and the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and . . . substantial [*2]evidence is available in this state concerning the child's care, protection, training, and personal relationships" (id. § 76[1][b][i], [ii]). Finally, a New York court may exercise jurisdiction where a court having jurisdiction has declined to exercise it on the ground that a court of this state is the more appropriate forum (see id. § 76[1][c]), or where no other court of any other state would have jurisdiction under the aforesaid provisions (see id. § 76[1][d]). As relevant here, an initial custody determination includes an initial custody determination made in a guardianship proceeding (see id. § 75-a[3], [4]). In applying the UCCJEA, "[a] court of this state shall treat a foreign country as if it were a state of the United States" (id. § 75-d[1]).
Here, the mother concedes that New York does not qualify as the child's home state since the child has not been residing in the state for at least six consecutive months immediately before the commencement of this proceeding (see id. § 75-a[7]). Moreover, the mother's contention that the Family Court should have exercised jurisdiction pursuant to Domestic Relations Law § 76(1)(b) was not raised before the Family Court and is unpreserved for appellate review (see Matter of Adonnis M. [Kenyetta M.], 194 AD3d 1048, 1052).
The mother's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
Accordingly, the Family Court properly dismissed the petition for lack of subject matter jurisdiction.
DILLON, J.P., WOOTEN, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court