Matter of Gathiaka v Mubea (2022 NY Slip Op 00661)





Matter of Gathiaka v Mubea


2022 NY Slip Op 00661


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2021-01090
 (Docket No. V-01985-20)

[*1]In the Matter of Peter Gathiaka, appellant,
v
Joan W. Mubea, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), entered December 7, 2020. The order granted the mother's motion to dismiss the father's custody petition for lack of subject matter jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The mother moved to dismiss the father's custody petition, asserting that the Family Court lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter the UCCJEA).
The UCCJEA provides in relevant part that a New York court has jurisdiction to make an initial child custody determination if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (id. § 76[1][a]; Matter of Katz v Katz, 117 AD3d 1054). The UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]; see Matter of Montanez v Tompkinson, 167 AD3d 616). Under the UCCJEA, New York "shall treat a foreign country as if it were a state of the United States" (Domestic Relations Law § 75-d[1]) and thus, may treat a foreign nation as a home state (see Matter of Hollander v Weissberg, 147 AD3d 831, 833; Matter of Katz v Katz, 117 AD3d 1054).
Here, when the father commenced this custody proceeding on July 20, 2020, Kenya was the child's home state for purposes of the statute. The Family Court therefore lacked jurisdiction to make an initial custody determination (see Domestic Relations Law § 76[1][a]; Matter [*2]of Slade v White, 133 AD3d 767; cf. Matter of Katz v Katz, 117 AD3d 1054).
Accordingly, the Family Court properly granted the mother's motion to dismiss the father's custody petition.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court