Matter of Louis-Charles v White (2022 NY Slip Op 06009)

Matter of Louis-Charles v White

2022 NY Slip Op 06009

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-05411
2021-05412
 (Docket No. V-12807-20)

[*1]In the Matter of Sherad Louis-Charles, appellant,
v
Amanda White, respondent. 

Jennifer A. Arditi, Maspeth, NY, for appellant.
Alter, Wolff & Foley LLP, New York, NY (Julie M. Sheldon of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Kings County (Jane C. Tully, J.), both dated June 25, 2021. The first order granted the mother's motion to dismiss the father's petition for custody of the parties' child for lack of subject matter jurisdiction. The second order dismissed the petition.
ORDERED that the appeal from the first order is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 6, part 3 (see Family Court Act § 1112[a]) and leave to appeal has not been granted; and it is further,
ORDERED that the second order is affirmed, without costs or disbursements.
The Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA) provides, in relevant part, that a New York court has jurisdiction to make an initial child custody determination if New York is the "home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from [the] state but a parent or person acting as a parent continues to live in [the] state" (id. § 76[1][a]). If a child is over the age of six months, the child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (id. § 75-a[7]).
Here, where the mother and the child moved to New Hampshire on or about March 16, 2020, New Hampshire was the child's home state for the purpose of the UCCJEA when the father commenced this proceeding on November 23, 2020. The Family Court therefore lacked jurisdiction to make an initial custody determination (see Matter of Gathiaka v Mubea, 202 AD3d 678, 678; Matter of Aida T.M. v Manuel R.T.M., 197 AD3d 596, 598).
Accordingly, the Family Court properly granted the mother's motion to dismiss the father's custody petition.
The father's remaining contentions are without merit.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court