Matter of Chavez v Maldonado (2023 NY Slip Op 00659)

Matter of Chavez v Maldonado

2023 NY Slip Op 00659

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-00183
 (Docket Nos. V-10546-21, V-11243-21)

[*1]In the Matter of Terci Mori Chavez, appellant,
v
Ana L. Padilla Maldonado, respondent. (Proceeding No. 1)
In the Matter of Ana L. Padilla Maldonado, respondent,
v
Terci Mori Chavez, appellant. (Proceeding No. 2)

Nathaniel B. Smith, New York, NY, for appellant.
Christine Theodore, Spring Valley, NY, for respondent.
Chinyere U. Eze-Nliam, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Elizabeth Fassler, J.), dated December 8, 2021. The order, insofar as appealed from, in effect, dismissed the father's petition for custody of the subject child on the ground that the Family Court lacked jurisdiction and directed that the child be released to the physical custody of the mother for the purpose of returning to Guatemala.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one son, born in March 2009, who has resided in Guatemala with the mother since birth. The father lives in New York. On June 20, 2021, the mother and the child came to the United States on tourist visas. On July 6, 2021, the child came to New York to visit the father. Thereafter, in October 2021, when the father allegedly refused to return the child to the mother, the mother filed two petitions for writs of habeas corpus which were later "marked satisfied." On October 13, 2021, the father moved, by order to show cause, requesting the Family Court to exercise temporary emergency jurisdiction over the child pursuant to Domestic Relations Law § 76-c; he also filed a petition for custody of the child. On October 25, 2021, the mother cross-petitioned for custody. A report dated November 9, 2021, was issued following a hearing before a referee. Subsequently, the court confirmed the referee's finding that New York is not the child's home state and that there was no basis for the court to exercise temporary emergency jurisdiction. In an order dated December 8, 2021, the court, inter alia, in effect, dismissed the father's petition on the ground that it lacked jurisdiction and directed that the child be released to the physical custody of the mother for the purpose of returning to Guatemala, the child's home state.
The Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA) provides, in relevant part, that a New York court has jurisdiction to make an initial child custody determination if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before [*2]the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (Domestic Relations Law § 76[1][a]; see Matter of Gathiaka v Mubea, 202 AD3d 678, 678; Matter of Katz v Katz, 117 AD3d 1054). The UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]; see Matter of Montanez v Tompkinson, 167 AD3d 616). Under the UCCJEA, a court of New York "shall treat a foreign country as if it were a state of the United States" (Domestic Relations Law § 75-d[1]) and thus, may treat a foreign nation as a home state (see Matter of Gathiaka v Mubea, 202 AD3d at 678; Matter of Hollander v Weissberg, 147 AD3d 831, 833).
Here, when the parties commenced their custody proceedings in October 2021, Guatemala was the child's home state for the purposes of the statute, and New York had never been the home state of the child. The Family Court therefore lacked jurisdiction to make an initial custody determination (see Domestic Relations Law § 76[1][a]; Matter of Gathiaka v Mubea, 202 AD3d at 678; Matter of Slade v White, 133 AD3d 767, 768).
Moreover, the father's unsubstantiated allegations were insufficient to require or warrant the invocation of the Family Court's emergency jurisdiction pursuant to Domestic Relations Law § 76-c (see Matter of Hearne v Hearne, 61 AD3d 758, 759; Matter of Randall v Randall, 305 AD2d 512, 513).
Further, the Family Court properly directed that the child be released to the physical custody of the mother for the purpose of returning to Guatemala, his home state (see Valentin v Valentin, 167 AD2d 390, 391; Matter of Michael P. v Diana G., 156 AD2d 59, 68).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court