Matter of Scully v O'Connor (2024 NY Slip Op 01549)

Matter of Scully v O'Connor

2024 NY Slip Op 01549

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-09239
 (Docket No. V-2089-21)

[*1]In the Matter of Christopher Scully, appellant,
v
Danielle O'Connor, respondent.

Daniel P. Moskowitz, Jamaica, NY, for appellant.
Rhonda R. Weir, Brooklyn, NY, for respondent.
Richard Cardinale, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated November 15, 2021. The order, sua sponte, dismissed the father's petition for custody of the parties' child without prejudice.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of a child born in 2014. The father resides in Staten Island. In August 2019, a court in Kentucky issued a custody determination while the mother was residing in that state with the child. She thereafter temporarily relocated to New York with the child. In May 2021, during a prior related proceeding in the Family Court, Richmond County, the mother stated that she had been continuously residing in Kentucky with the child for approximately three months and that a Kentucky court had issued an order granting her temporary custody of the child and an order of protection in favor of the mother and the child and against the father.
The father subsequently commenced this proceeding for custody of the child. In November 2021, the parties appeared before the Family Court on the father's petition. The mother stated that she was still living outside of New York with the child and the father confirmed the accuracy of her statements. By order dated November 15, 2021, the court, sua sponte, dismissed this proceeding without prejudice for lack of subject matter jurisdiction. The father appeals.
"The Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A . . . provides, in relevant part, that a New York court has jurisdiction to make an initial child custody determination if New York is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from the state but a parent or person acting as a parent continues to live in the state. If a child is over the age of six months, the child's home state is the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Matter of Louis-Charles v White, 209 AD3d 1030, 1030-1031 [citation, alterations, and internal quotation marks omitted]; see Domestic Relations Law §§ 75-a[7], 76[1][a]). Moreover, a court may raise the [*2]issue of "subject matter jurisdiction . . . at any time, including sua sponte" (Matter of 999 Hempstead Turnpike, LLC v Board of Appeals of the Town of Hempstead, 207 AD3d 716, 719 [internal quotation marks omitted]; see Matter of Charter v Allen, 206 AD3d 994, 994).
Here, the Family Court properly, sua sponte, dismissed the father's petition for lack of subject matter jurisdiction. The record before the court confirmed that the child had not resided in New York "for at least six consecutive months immediately before the commencement of [this] proceeding" and that New York was therefore not the child's home state (Matter of Louis-Charles v White, 209 AD3d at 1031; see Matter of Gathiaka v Mubea, 202 AD3d 678, 678). The father has not asserted otherwise. Instead, the father confirmed that New York was not the child's home state in his petition and statements during the November 2021 proceeding (see Matter of Aida T.M. v Manuel R.T.M., 197 AD3d 596, 598). The father did not contend that the mother "wrongfully remove[d] [the] child from" New York "for the purpose of establishing a home state" (Matter of Padmo v Kayef, 134 AD3d 942, 943 [internal quotation marks omitted]).
To the extent the father challenges a July 2021 determination of the Family Court to grant a motion by the mother to dismiss a prior related proceeding, his arguments are not properly before this Court on the appeal in this proceeding (see Matter of Turner v Estate of Turner, 223 AD3d 744, 747; Matter of Cook v Berehowsky, 211 AD3d 727, 729).
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court